Ernest SALAZAR, Appellant,

v.

The STATE of Texas, Appellee.

No. 61102.

Court of Criminal Appeals of Texas, Panel No. 3.

June 13, 1979.

Rehearing En Banc Denied
Sept. 19, 1979.

Roderick E. Wetsel, Sweetwater, for appellant.

Frank L. Ginzel, Dist. Atty., Colorado City, and Russell Carroll, Asst. Dist. Atty., Sweetwater, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, PHILLIPS and W. C. DAVIS, JJ.

## OPINION

PHILLIPS, Judge.

This is an appeal from an order revoking probation. Appellant was initially convicted of failing to stop and render aid. See Article 6701d, Sections 38 and 40, V.A.C.S. Punishment was assessed at five years' imprisonment, but imposition of the sentence was suspended while appellant was placed on probation. The State requested that appellant's probation be revoked for violating the conditions of his probation by committing burglary of an automobile. Following a hearing on the charges, appellant's probation was revoked.

In reviewing the record before us, fundamental error has been discovered which will be reviewed in the interest of justice. See Article 40.09(13), V.A.C.C.P. The indictment by which appellant was charged with failing to stop and render aid reads, in pertinent part:

. . . ERNEST SALAZAR, on or about the 1st day of May, A.D. 1976, . . ., did then and there drive a vehicle, to-wit, an automobile, upon a public road, and while said automobile was being driven upon said public road by said Ernest Salazar, he, the said Ernest Salazar, did strike Raymond Caballero, Jr. with said automobile and did then and there and thereby injure the person of the said Raymond Caballero, Jr., and the said Ernest Salazar, did then and there unlawfully fail to stop and render reasonable assistance to the said Raymond Caballero, Jr., in this, the said Ernest Salazar, did then and there fail to stop and carry and fail to make arrangements for the carrying of the said Raymond Caballero, Jr., to a physician and surgeon for medical treatment, it being apparent that such treatment was necessary by reason of said injuries received as aforesaid; . . .

Indictments which fail to set forth the essential elements of an offense deprive the trial court of the jurisdiction necessary to render judgment. Such defects in the indictment are subject to collateral attack on applications for writ of habeas corpus. *American Plant Food Corporation v. State*, Tex.Cr.App., 508 S.W.2d 598. This case is controlled by the decision of *Goss v. State*, Tex.Cr.App., 582 S.W.2d 782 (1979), and the authorities cited therein. The fact that the indictment alleged that the injuries made the necessity of treatment apparent does not satisfy the requirement that the indictment allege that the actor knew an accident involving the victim occurred. The instant indictment fails to allege a culpable mental state. See V.T.C.A., Penal Code, Sections 6.02 and 6.03.

Accordingly, the judgment of conviction is reversed and the indictment dismissed.