**Ex parte Jimmy Paul ROGERS.**

**No. 62774.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 31, 1979.

Robert Huttash, State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

In his post-conviction application for habeas corpus relief, the applicant claims that the indictment on which he was convicted was fundamentally defective for failing to allege a culpable mental state. The indictment alleged that the appellant,

"on or about the 11th day of December 1977, was then and there the driver of, and person in control of, a motor vehicle in Tarrant County, Texas, and such motor vehicle, then and there being driven by and under the control of the said Jimmy Paul Rogers, did then and there strike and collide with another vehicle containing a person, to-wit: S_____ M_____, thereby causing injury to the said S_____ M_____ and he, the said Jimmy Paul Rogers, did fail, neglect, and refuse to render to the said S_____ M_____ all necessary aid; . . . ."

The requirement of a culpable mental state * applies to the offense of failing to stop and render aid (V.A.C.S., Article 6701d, Section 38), which this indictment sought to allege. *Goss v. State,* 582 S.W.2d 782 (Tex.Cr.App.1979). When an indictment fails to allege a required culpable mental state, it is fundamentally defective and habeas corpus relief will be granted. *Ex parte Winton,* 549 S.W.2d 751 (Tex.Cr. App.1977). The applicant will be granted habeas corpus relief because the indictment failed to allege the culpability element of the offense.

The conviction is set aside and the applicant is ordered released from any restraint imposed as a result of the indictment; the indictment is ordered dismissed.

---

\* See V.T.C.A., Penal Code, Sec. 6.02.