Guadalupe Arnulfo ABREGO, Appellant,

v.

The STATE of Texas, Appellee.

No. 63404.

Court of Criminal Appeals of Texas, Panel No. 1.

March 19, 1980.

Rehearing Denied April 30, 1980.

Stu Stewart, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Larry P. Urquhart, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ODOM and W. C. DAVIS, JJ.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for failure to stop and render aid, where the punishment was assessed by the court at three (3) years' imprisonment.

Appellant waived the indictment and entered a guilty plea to a felony information. After trial, he filed a motion for new trial alleging that the felony information was fatally defective because it failed to allege a culpable mental state. The motion was overruled, and the appellant was sentenced.

On appeal appellant relies upon *Goss v. State*, 582 S.W.2d 782 (Tex.Cr.App.1979), which held that the V.T.C.A., Penal Code, § 6.02, requirement of a culpable mental state applies to the offense of failing to stop and render aid defined by Article 6701d, §§ 38 and 40, V.A.C.S.

*Goss* also held·that the culpable mental state required for the offense of failing to stop and render aid is that the accused had knowledge of circumstances surrounding his conduct, i. e., had knowledge that an accident had occurred, and that since knowledge is an element of the offense, it must be alleged in an indictment or felony information for failing to stop and render aid.

The felony information in question, omitting the formal parts, alleged the appellant "on or about May 27, 1979, did then and there unlawfully while driving and operating a motor vehicle upon a public highway, injure Raymond Gamboa, hereafter styled the Complainant, by causing his vehicle to collide with the Complainant, a pedestrian, and the Defendant, *intentionally and knowingly* failed to stop and render to the Complainant reasonable assistance, for which there was an apparent need, by failing to take, and make arrangements for taking, the Complainant to a physician and hospital for medical and surgical treatment . . ." (Emphasis supplied.)

In *Goss ·v. State*, supra, the indictment stated the appellant did intentionally and knowingly drive and operate his automobile, which is not an offense, but failed to allege the defendant knew that the accident had occurred. The appellant urges the information suffers from the same defect.

The State, also relying upon *Goss* that the information expressly alleges that the appellant intentionally and knowingly failed to stop and render reasonable assistance, etc., and that he could not have knowingly failed to render to the complainant without having had ". . . knowledge of the circumstances surrounding his conduct . . i. e., had knowledge that an accident had occurred." *Goss v. State*, supra at 785.

While not a model pleading, we agree with the State's position. The information was not fatally defective.

The judgment is affirmed.