**Glenn R. BROWN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 58964.

Court of Criminal Appeals of Texas,
Panel No. 3.

July 2, 1980.

Bobby D. Myers, San Antonio, for appellant.

Bill M. White, Dist. Atty., Elizabeth H. Taylor and Robert H. Ozer, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, DAVIS and CLINTON, JJ.

## OPINION

CLINTON, Judge.

Appeal follows conviction for the offense of failure to stop and render aid wherein the trial court assessed punishment at con-finement in the Texas Department of Corrections for three years. However, imposition of the sentence was suspended and appellant placed on probation.

Though appellant advances four grounds of error for our consideration, we need not reach but one. In his fourth ground of error appellant contends that the trial court erred in overruling his motion to dismiss the instant indictment in that it fails to allege a culpable mental state. See V.T.C.A. Penal Code, § 6.02. We agree and reverse.

The indictment at issue alleged in pertinent part that appellant did:

"knowingly and intentionally drive and operate a motor vehicle to wit: a pickup truck and was then and there, while driving said vehicle, involved in a collison [sic] with a motorcycle occupied by one Harry Fincke, which said collison [sic] was an accident which then and there resulted in personal injury to the said Harry Fincke; and said defendant Glenn R. Brown after said accident, did then the there fail and refuse to remain at the scene of said accident and did then and there, after said accident, fail and refuse to render reasonable assistance to the said Harry Fincke who was then and there injured as a result of said accident, in that the said defendant did then and there fail and refuse to make arrangements for the carrying of the said Harry Fincke to a physician, surgeon, or hospital for medical treatment and it was then and there apparent that such medical treatment for the said Harry Fincke was necessary, and such medical treatment for the said Harry Fincke was in fact, then and there necessary as a result of said accident and said injuries; . . ."

This indictment is identical to the one condemned in our recent holding of *Goss v. State*, 582 S.W.2d 782 (Tex.Cr.App.1979) in which we noted that indictments alleging this offense must include the culpable mental state of knowledge, viz: that the accused had knowledge that an accident had occurred and then failed to conform his conduct to the requirements of the applicable statute. See Article 6701d, §§ 38 and 40, V.A.C.S.

As stated in *Goss*, although this indictment does allege that appellant did intentionally and knowingly drive and operate his automobile, it is not an offense to drive a car, and this indictment utterly fails to allege that appellant knew that an accident had occurred. It therefore fails to allege the requisite culpable mental state of the offense. *Goss v. State*, supra at 785.

For the reason stated, the judgment is reversed and the prosecution is ordered dismissed.[1]

---

1. The faulty indictments appear to have been drawn from the form proposed in McClung, Jury Charges for Texas Criminal Practice; cf. 7 Texas Practice 156, Morrison & Blackwell, Criminal Forms Annotated §§ 25.10 and 25.11.