**Harold STEEN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 62762.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 3, 1982.

Danny E. Hill, Amarillo, for appellant.

Tom Curtis, Dist. Atty., John Byron Reese and Steve Schiwetz, Asst. Dist. Attys., Amarillo, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

McCORMICK, Judge.

This is an appeal from a conviction for failure to stop and render aid. Article 6701d, Sections 38 and 40, V.A.C.S. Appellant waived jury trial and pled nolo contendere. After finding appellant guilty, the trial court assessed punishment at two years, probated.

This case involves a tragic accident wherein a woman was severely injured and her two small children killed. Since appellant attacks the sufficiency of the evidence, a recital of the facts is necessary.

On June 1, 1978, Ricky Jack Ward was driving a truck loaded with grain on Highway 136 outside of Amarillo. He was south bound from Fritch to Amarillo going up a hill on the road. The south bound side has both a climbing lane and a passing lane. Ward was in the far right lane, the climbing lane. A light blue Ford pickup was immediately behind Ward and a Datsun station wagon followed the pickup. As Ward's tractor-trailer truck began to slow because of the hill, he noticed the Datsun station wagon in the passing lane. As the station wagon pulled alongside the light blue pickup truck, the pickup truck began to pull into the passing lane. The Datsun veered away from the pickup truck and collided head-on into an oncoming north bound vehicle. Ward stated that as the pickup truck pulled into the passing lane, he did not see it signal the lane change.

Ward observed and heard the entire collision. As the pickup passed Ward, he saw the individual in the middle of the cab turn his head. The pickup slowed down, but then proceeded south without stopping. Seeing a CB antenna on the pickup, Ward called out over his radio for the person in the light blue pickup to come back because he had caused a wreck. He heard someone say, "I'm going for help. I'll be right back."

Ward testified that the collision occurred about four car lengths behind him at the time the pickup was two lengths in front of him. He had no trouble hearing the collision or the sound of gravel flying from the on-coming vehicle. Ward also testified that the pickup had its windows down.

Sherry Hill, the driver of the Datsun station wagon, testified that she had almost completely passed the pickup before the accident occurred. As it changed lanes, the pickup hit Hill's right rear fender. Hill lost control and veered into the north bound lane, hitting an on-coming vehicle. Hill suffered a broken kneecap, crushed right elbow, and multiple lacerations to her face and legs. She also underwent surgery for removal of a ruptured spleen. Hill's two sons, ages two and six, were killed.

Appellant testified he was driving home from work and started to pass Ward's grain

truck. He saw a north bound car skid on the road and saw gravel fly. He heard a noise but, thinking it was a tire blowout, did not stop. When he passed the grain truck, he looked back and saw a car in the middle lane. He acknowledged having a CB, but stated it intermittently worked and was not turned on at the time of the collision. After hearing news reports concerning the wreck and a light blue pickup, appellant drove to the Department of Public Safety office the following morning. Appellant denied any knowledge of the wreck and claimed that a car was behind him when he passed Ward's grain truck.

Appellant was charged with failing to stop and render reasonable assistance under Article 6701d, Sections 38 and 40, V.A.C.S. Appellant waived jury trial and entered a plea of nolo contendere. The trial court found appellant guilty. However, the trial court also found that the State failed to prove an actual collision between appellant and Hill occurred.

Appellant contends that the evidence is insufficient to support a finding that appellant intentionally and knowingly made an improper lane change, or that he was "involved" in an accident.

In reviewing the sufficiency of the evidence to support the verdict, we must view the evidence in the light most favorable to the verdict. The verdict will be sustained if there is any evidence which, if believed, shows the guilt of the accused. *Banks v. State,* 510 S.W.2d 592 (Tex.Cr. App.1974); *Norman v. State,* 588 S.W.2d 340 (Tex.Cr.App.1979). As to the insufficiency pertaining to the improper lane change, there is ample evidence that appellant did, in fact, intentionally make a lane change. The issue of whether it was improper is established by the fact that Ward saw the Datsun attempting to pass when appellant pulled into the passing lane. Additionally, Ward did not see appellant signal the lane change. Therefore, since appellant failed to maintain a proper lookout [Article

6701d, Section 60(b), V.A.C.S.], and failed to signal the lane change [Article 6701d, Section 68(d), V.A.C.S.], the lane change was improper.

The evidence of being "involved" in an accident is also sufficient. Ward testified that, although no collision occurred between appellant and Hill, Hill swerved to avoid hitting appellant. Although not substantiated, Hill testified that appellant collided with her, causing her to lose control. The natural consequence of appellant's actions was the subsequent head-on collision. Regardless of appellant's claimed ignorance of the accident, it is clear that there was sufficient evidence to demonstrate appellant caused the accident. Without ensnarling ourselves in the definition or implications of the term "involved in an accident", we hold that appellant was indeed involved in the collision between Hill and the northbound vehicle.

Appellant next contends that the indictment is "fundamentally defective." The indictment states that appellant did:

"... knowingly and intentionally while operating a motor vehicle did make an improper lane change which caused Sherry Hill a driver to take evasive action which resulted in an accident and subsequent injuries to the said Sherry Hill and the defendant did then and there unlawfull (sic) after said accident, knowingly and intentionally fail to stop and render all reasonable assistance to the said Sherry Hill, including the making of arrangements for carrying of the said Sherry Hill to a physician for medical treatment, it being apparent that such medical treatment for the said Sherry Hill was necessary."

Article 6701d, Section 38(a), supra, sets out the duty of the driver of any vehicle involved in an accident resulting in injury to another:

"The driver of any vehicle involved in an accident resulting in injury to or death of any person shall immediately stop such

vehicle at the scene of such accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of Section 40. Every such stop shall be made without obstructing traffic more than is necessary."

Section 38(b) is the *penal* section, setting forth the penalties for culpably failing to comply with Section 38(a):

"Any person failing to stop or to comply with said requirements under such circumstances shall upon conviction be punished by imprisonment in the penitentiary not to exceed five (5) years or in jail not exceeding one (1) year or by fine not exceeding Five Thousand ($5,000.00) Dollars, or by both such fine and imprisonment."

■ The requirement of culpability, under *Goss v. State,* 582 S.W.2d 782 (Tex.Cr. App.1979), must necessarily be limited to a violation of the penal section. The proper allegation is that the accused culpably failed to comply with the requirements of Section 38(a), a known duty. To require the indictment to allege more would amount to an exercise in semantics. Therefore, the elements of an offense under Article 6701d, Section 38(b), are:

1. a driver of a vehicle
2. involved in an accident
3. resulting in injury or death of any person
4. intentionally and knowingly
5. fails to stop and render reasonable assistance.

■ Applying the correct rationale to the indictment before us, we find it sufficiently alleges an offense under Article 6701d, Section 38(b). The indictment can be dissected into two basic clauses: (1) that appellant intentionally and knowingly operated his vehicle in such a manner as to cause an accident; and (2) that appellant, having

caused the accident, intentionally and knowingly failed to stop and render all reasonable assistance. We find the factual allegations in the first clause of the indictment sufficient to "allege that the defendant had knowledge of the circumstances surrounding his conduct." *Goss v. State,* at 785. The instant allegation, that an accused knowingly and intentionally failed to stop and render reasonable assistance, necessarily and sufficiently notifies the accused that he failed to perform a known duty. The duty arises under Section 38(a), supra. Accordingly, the ground of error is overruled.

The judgment is affirmed.

CLINTON, Judge, concurring.

From earlier decisions construing the statute denouncing the offense, the Court has discerned that "the essential point that the accused must know an accident has occurred before the duty to stop and render aid arises, and before he may be held culpable for failure to stop and render aid, is as sound today as then." *Goss v. State,* 582 S.W.2d 782, 785 (Tex.Cr.App.1979). Combining related statutory provisions under the new penal code and the uniform traffic act, the Court found that "the culpable mental state thereby required for the offense of failing to stop and render aid is that the accused had knowledge of the circumstances surrounding this conduct ... i.e., had knowledge that an accident had occurred," *ibid.* Accordingly, the Court held that knowledge that an accident had occurred is "an element of the offense, and therefore must be alleged," *ibid.*

The indictment in *Goss v. State,* supra, and later its twin in *Brown v. State,* 600 S.W.2d 834 (Tex.Cr.App.1980), was defective in that each "utterly fails to allege that appellant *knew* that an accident had occurred," [1] *Goss,* at 785; *Brown,* at 835, and the Court said that deficiency was not supplied by an allegation at the outset that an

1. All emphasis is mine unless otherwise indi-     cated.

accused "did intentionally and knowingly drive and operate a motor vehicle ..." since "it is not an offense to drive a car," *Goss*, at 785. To be noted also is that the *Goss* indictment did not thereafter allege a culpable mental state—particularly, none was stated before the allegation that he "did then and there fail and refuse to immediately stop and remain at the scene ... and did ... fail and refuse to render reasonable assistance" to the named injured party. See *Goss*, p. 783.

The indictments were respectively set aside for omissions in *Ex parte Rogers*, 589 S.W.2d 132 (Tex.Cr.App.1979) and *Salazar v. State*, 589 S.W.2d 412 (Tex.Cr.App.1979), in that no culpable mental state whatsoever was alleged. Moreover, though the indictment in *Salazar* alleged that he did fail to stop and make arrangements for carrying the injured party in for medical treatment, "it being apparent that such treatment was necessary by reason of said injuries," the Court found that charge "does not satisfy the requirement that the indictment allege that the actor knew an accident involving the victim occurred," *id.*, at 413. But an indictment alleging that an accused "did then and there *intentionally and knowingly fail to stop ... it being apparent* that such treatment was necessary by reason of said injuries received..." (emphasis in original) was held sufficient to charge the offense, it being distinguishable from the one held defective in *Goss*, *Williams v. State*, 600 S.W.2d 832, 833 (Tex.Cr.App.1980); so also in *Abrego v. State*, 596 S.W.2d 891, 892 (Tex.Cr.App.1980).

What then of the indictment in the instant case?

Setting out the charging part of the indictment in full, as the competing opinions have, tends to obscure the thrust of its operative allegations. The essence of the allegations that while operating a motor vehicle appellant "*did* then and there *knowingly* and intentionally ... *make an improper lane change* which *caused* ... a driver to take evasive action which *resulted in an accident* and subsequent injuries ... and the defendant *did* after said accident, *knowingly* and intentionally *fail to stop* and render all reasonable assistance..., including the making of arrangements for ... medical treatment, *it being apparent* that such medical treatment ... was necessary ..."

The opinion by Presiding Judge Onion finds that "neither of these allegations is sufficient in stating the required allegation of *knowing that an accident occurred in which the car appellant was driving was involved.*" And it is certainly true that the underscored language said to be required does not appear *in haec verba.* Yet, it was not included in the indictments upheld by the Court in *Williams* and *Abrego*, both supra, the latter being an opinion of a Court Panel that survived motion for rehearing considered by the Court En Banc. Since the *Williams* and *Abrego* indictments allege that which the *Goss* indictment did not, the opinions are in harmony.

Beyond the considerations in *Williams* and *Abrego*, supra, when both allegations are even more distilled, read together and reasonably understood, the charge against appellant is that he knowingly drove his vehicle in the manner stated such as to cause an accident and injuries, and then knowingly failed to stop and render apparently needed treatment for those injuries. If the indictment is to be faulted at all, one might criticize it for excessive factual averments, but that it alleges all elements of the offense proscribed by the statutory provisions combined in *Goss* seems clear to me.

Thus, without subscribing to all that he writes, I come to the same result reached in the opinion by Judge McCormick. Accordingly, I join the judgment of the Court in affirming the judgment of the trial court.

ONION, Presiding Judge, dissenting.

The following opinion was prepared by this writer originally as an opinion for the court. I now adopt it as my dissenting opinion.

"This is an appeal from a conviction for failure to stop and render aid. Appellant waived jury trial; and a plea of nolo contendere was entered before the trial court. Appellant was found guilty and assessed two (2) years in the Texas Department of Corrections. The trial court suspended imposition of sentence and placed appellant on probation.

Appellant perfected his appeal in a timely manner and among other contentions raises the ground of error that the indictment is fundamentally defective because it failed to allege the culpable mental state of appellant as to the occurrence of an accident. V.T.C.A., Penal Code, § 6.02(b), provides:

"If the definition of an offense does not prescribe a culpable mental state, a culpable mental state is nevertheless required unless the definition plainly dispenses with any mental element."

The prosecution in the case at bar was brought under Article 6701d, §§ 38 and 40, V.A.C.S., which provide:

"Sec. 38. (a) The driver of any vehicle involved in an accident resulting in injury to or death of any person shall immediately stop such vehicle at the scene of such accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of Section 40. Every such stop shall be made without obstructing traffic more than is necessary.

"(b) Any person failing to stop or to comply with said requirements under such circumstances shall upon conviction be punished by imprisonment in the penitentiary not to exceed five (5) years or in jail not exceeding one (1) year or by fine not exceeding Five Thousand ($5,000.00) Dollars, or by both such fine and imprisonment."

"Sec. 40. The driver of any vehicle involved in an accident resulting in injury to or death of any person or damage to any vehicle which is driven or attended by any person shall give his name, ad-dress, and the registration number of the vehicle he is driving and the name of his motor vehicle liability insurer, and shall upon request and if available exhibit his operator's, commercial operator's, or chauffeur's license to the person struck or the driver or occupant of or person attending any vehicle colliding (sic) with and shall render to any person injured in such accident reasonable assistance, including the carrying, or the making of arrangements for the carrying, of such person to a physician, surgeon, or hospital for medical or surgical treatment if it is apparent that such treatment is necessary or if such carrying is requested by the injured person." Sec. 40 amended by Acts 1977, 65th Leg., p. 2029, ch. 810, § 4, eff. Aug. 29, 1977.

In *Goss v. State,* 582 S.W.2d 782 (Tex.Cr. App.1979), it was held that

"... [T]he requirements of Sec. 6.02, supra, apply to Art. 6701d, Secs. 38 and 40, supra, and that the culpable mental state thereby required for the offense of failing to stop and render aid is that the accused had knowledge of the circumstances surrounding his conduct [V.T. C.A., Penal Code, Sec. 6.03(b)] i.e., had knowledge that an accident had occurred ... such knowledge is an element of the offense, and therefore must be alleged in the indictment. [citations omitted]" 582 S.W.2d at 785.

The indictment in *Goss,* supra, was held fundamentally defective. Although it alleged that the defendant did "intentionally and knowingly drive and operate his automobile," that in itself was not an offense; the indictment was defective because it "utterly fail[ed]" to allege that the defendant knew that the accident had occurred. *Goss,* at 785. The same result was reached in *Salazar v. State,* 589 S.W.2d 412 (Tex.Cr. App.1979), and in *Ex parte Rogers,* 589 S.W.2d 132 (Tex.Cr.App.1979), where the indictments utterly failed to allege a culpable mental state in connection with the offense. We would take the *Goss* rule one

**918**

step further and hold that the statutory offense requires the accused's knowing that an accident occurred *in which the vehicle he was driving was involved.*

The indictment in the instant case alleged that the appellant:

"... knowingly and intentionally while operating a motor vehicle did make an improper lane change which caused S——— H——— a driver to take evasive action which resulted in an accident and subsequent injuries to the said S——— H——— and the defendant did then and there unlawfull (sic) after said accident, knowingly and intentionally fail to stop and render all reasonable assistance to the said S——— H———, including the making of arrangements for carrying of the said S——— H——— to a physician for medical treatment, it being apparent that such medical treatment for the said S——— H——— was necessary, Against the peace and dignity of the state."

There is no question that the indictment alleges a culpable mental state; in fact, it alleges "knowingly and intentionally" about two separate acts: making an improper lane change and failing to stop and render all reasonable assistance. But neither of these allegations is sufficient in stating the required allegation of knowing that an accident occurred in which the car appellant was driving was involved. A driver may know that he changed lanes and even know it was improper, but that would not imply his knowing that an accident resulted from it. Likewise a driver may know that he failed to stop and render aid at an accident, and implicit within that knowledge would be knowledge of an accident; yet that would be insufficient because it cannot be inferred that he had knowledge that the car he was driving was involved in the accident. The statute does not impose a duty upon anyone happening by who knows an accident has occurred; it specifically places the duty upon "the driver of any vehicle involved in an accident" that results in injury, death or property damage as spelled out in

Article 6701d, §§ 38–40, V.A.C.S. The better course in such a case would be to allege that, knowing that an accident had occurred in which the vehicle he was driving was involved, the accused failed to stop and render all reasonable assistance.

The conviction is set aside and the indictment is ordered dismissed."

For the reasons set forth above, I dissent.

ROBERTS, ODOM and TEAGUE, JJ., join in this dissent.