**Rodolfo MORALES, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–83–314–CR.**

Court of Appeals of Texas,
Corpus Christi.

June 28, 1984.

Albert Pena, III, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and KENNEDY and GONZALEZ, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a conviction for failure to stop and render aid in violation of TEX.REV.CIV.STAT.ANN. art. 6701d § 38 (Vernon 1977) and art. 6701d § 40 (Vernon Supp. 1984). The jury found appellant guilty, assessed punishment at five years, recommended probation and fined him $5,000.

Appellant's three grounds of error allege reversible error in the indictment. He alleges: 1) that the indictment did not state an offense against the laws of the State of Texas; 2) that the indictment failed to give adequate notice to the appellant by alleging only that he was driving a vehicle; and 3) that the indictment did not allege a culpable mental state as to appellant's knowledge that he had been in an accident.

The indictment, in pertinent part, reads: "did then and there drive a vehicle; that while driving the vehicle the defendant was involved in an accident in which the vehicle he was driving collided with the person of Lydia Pereida; that the collision resulted in injury to Lydia Pereida; that after the accident had occurred, intentionally and knowingly failed to immediately stop the vehicle he was driving at the scene of the accident and intentionally and knowingly failed to remain at the scene of the accident and intentionally and knowingly failed to render to Lydia Pereida reasonable assistance to carry or to make arrangements for carrying of her to a physician, surgeon, or hospital for medical or surgical treatment when it was apparent that such treatment was necessary"

The elements of an offense, art. 6701(d) § 38(b), are:
1) a driver of a vehicle
2) involved in an accident
3) resulting in injury or death to any person
4) intentionally and knowingly

5) fails to stop and render reasonable assistance

*Steen v. State*, 640 S.W.2d 912 (Tex.Crim. App. 1982). In addition, TEX.REV.CIV. STAT.ANN. art. 6701 § 40 requires a driver of any vehicle involved in an accident to render to any person injured reasonable assistance including the carrying, or the making of arrangements for the carrying, of such person to a physician, surgeon, or hospital for treatment if it is apparent that such treatment is necessary. *Pryor v. State*, 651 S.W.2d 22 (Tex.App.—Dallas 1983, no p.d.r.).

Appellant first asserts that the indictment alleges that he failed to "immediately stop," but the statute provides that "said person shall immediately stop at the scene or as close to it as possible." He asserts that an allegation of omission of the first part (immediately stop) without an allegation of omission of the second part (or as close thereto as possible) does not allege an offense. We disagree.

■ An element of the offense under art. 6701d is the failure to stop and render reasonable assistance. *Steen v. State*, 640 S.W.2d at 915. Here, the language in the indictment alleges the intentional and knowing failure to immediately stop at the scene, the intentional and knowing failure to remain at the scene, and intentional and knowing failure to render assistance. While the indictment does not allege that the appellant failed to stop immediately *or* as close as possible, it sufficiently alleges that the appellant did not stop and render reasonable assistance at the scene of the accident. Appellant's first ground of error is overruled.

■ Appellant also argues that the indictment is defective because it alleged only that he was driving a vehicle. He contends that, because the indictment does not allege that he was driving a specific kind of motor vehicle, it fails to apprise him with particularity, in order to enable him to prepare his defense. Under both § 38 and § 40 of art. 6701d, the statute refers to the "driver of any vehicle." With few exceptions, an indictment which tracks the words of the statute in question is legally sufficient. *Ward v. State*, 642 S.W.2d 782 (Tex. Crim.App. 1982); *Phillips v. State*, 597 S.W.2d 929 (Tex.Crim.App. 1980). We hold that the definition sufficiently notified appellant of the means of transportation at the time of the offense. Appellant's second ground of error is also overruled.

■ Last, appellant claims fundamental error in the indictment because it failed to allege that the defendant *knew* he was involved in an accident. The culpable mental state required for the offense of failing to stop and render aid is that the accused had knowledge of the circumstances surrounding his conduct (i.e., had knowledge that an accident had occurred) and, as such, it must be alleged in the indictment. *Goss v. State*, 582 S.W.2d 782 (Tex.Crim.App. 1979). In *Goss*, the Court of Criminal Appeals held that the indictment was defective because it charged that "the said defendant, Thomas Peter Goss, after said accident, did then and there fail and refuse to immediately stop ..." There, the court held that the indictment did not allege that the defendant had knowledge that an accident had occurred. Therefore, the court found that no culpable mental state was asserted. In *Williams v. State*, 600 S.W.2d 832 (Tex.Crim.App. 1980), the Court of Criminal Appeals held an indictment similar to the case at bar sufficient to charge a culpable mental state. The indictment alleged, in part, that "Gladys Amelia Williams did then and there *intentionally and knowingly fail to stop ... it being apparent* that such treatment was necessary by reason of said injuries received...." (emphasis theirs). The Court held that the underlined words in the indictment sufficiently distinguished it from the indictment in *Goss* and were adequate to charge the offense of failing to stop and render aid. Likewise, in *Abrego v. State*, 596 S.W.2d 891 (Tex.Crim.App. 1980), the Court held that an indictment alleging that the defendant "intentionally and knowingly failed to stop ..." was not fatally defective.

Here, the indictment is similar to the indictments in both *Williams* and *Abrego* in that it alleges that the appellant herein knowingly and intentionally failed to stop, knowingly and intentionally failed to remain at the scene and knowingly and intentionally failed to render reasonable assistance to the victim. The indictment here, as in *Steen,* supra, *Williams* and *Abrego,* does not allege that the appellant *knew* that an accident had occurred in which the car he was driving was involved. This language, however, was not included in either the *Steen, Williams* or *Abrego* indictments, and all were upheld by the Court of Criminal Appeals. Following the precedent in *Steen, Williams* and *Abrego,* we hold that the indictment here alleges a sufficient culpable mental state. Appellant's third ground of error is overruled.

The judgment of the trial court is affirmed.