**Jesus L. RIVAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–89–00484–CR.**

Court of Appeals of Texas, Dallas.

March 6, 1990.

Rehearing Denied April 18, 1990.

Robert M. Jones, Dallas, for appellant.

Kathi Drew, Dallas, for appellee.

OPINION

Before McCLUNG, LAGARDE and OVARD, JJ.

OVARD, Justice.

After a bench trial, Jesus Rivas was convicted of the offense of failure to stop and render aid following an accident.[1] The trial court sentenced Rivas to five years' confinement in the Texas Department of Corrections. In his sole point of error, Rivas contends that the trial court erred in convicting him of failure to stop and render aid because the evidence is insufficient to establish that his automobile was "involved in an accident" pursuant to the meaning of the statute. We determine that Rivas' vehicle was involved in the accident as required under the statute, and accordingly, we affirm the judgment of the trial court.

Rivas complains that the evidence is insufficient to support the conviction because it fails to establish that his automobile was "involved in an accident." The undisputed facts in the record reveal that at the time of the incident, Rivas was driving an automobile containing both a front and back seat passenger. Rivas' car was approaching a railroad crossing when warning lights and bells went off. Rivas decided that he could beat the approaching train across the tracks. As the car approached the crossing, the front seat passenger, apparently out of fear of a collision, jumped out of the car. Rivas' car, as well as Rivas and the back seat passenger, passed through the crossing unscathed. However, either as a result of the collision with the train tracks or the train, the front seat passenger died. Rivas stopped the car, examined the body, and then left the scene. Rivas was subsequently arrested for involuntary manslaughter and failure to stop and render aid. This opinion deals solely with the failure to stop and render aid conviction.

█ In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the verdict to determine whether any rational trier of facts could have found all essential elements of

---

1. *See* TEX.REV.CIV.STAT.ANN. art. 6701d § 38 (Vernon 1977), § 40 (Vernon Supp.1990). For purposes of this opinion, these provisions will hereinafter be referred to as "the statute."

the crime beyond a reasonable doubt. *Marroquin v. State,* 746 S.W.2d 747, 750 (Tex.Crim.App.1988); *Banks v. State,* 510 S.W.2d 592, 595 (Tex.Crim.App.1974); *Barber v. State,* 773 S.W.2d 631, 633 (Tex.App. —Texarkana 1989, pet. granted). Applying the aforementioned standard as well as interpretive case law, we determine that the evidence was sufficient to show that Rivas' car was in fact involved in an accident.

 Rivas argues that the term "involved in an accident" envisions an actual, physical collision. Interpretive case law and a clear reading of the statute militate in favor of a more expansive reading of the statute. The phrase "involved in an accident" is not defined by statute, nor has this term been clearly judicially interpreted in this jurisdiction. *See Steen v. State,* 640 S.W.2d 912, 914 (Tex.Crim.App.1982). Terms not defined are given their ordinary meaning. Tex.Gov't.Code Ann. § 311.011(a) (Vernon 1988). Rivas argues that the phrase can only be applied when there is in fact a collision. The State submits that this is too restrictive a reading of the phrase "involved in an accident" and we agree. While the phrase "involved in an accident" certainly includes "collision," it is not exclusively limited to that term.

The Court of Criminal Appeals in *Steen* held that a collision is not necessary in order for one party to be liable under the statute. *Steen v. State,* 640 S.W.2d at 914. In *Steen,* one party swerved into another lane of traffic causing a second car to collide with a third. Although the first car did not physically collide with the second, the *Steen* Court held that it caused the accident and that the second car colliding into the third was a natural consequence of the actions of the driver of the first car. Similarly, in our case, Rivas' actions resulted in or was a cause of the death of the front seat passenger. In other words, but for Rivas' actions, the accident and resulting death of a passenger would not have occurred. Further, fleeing a car that is about to be hit by a train may be just as natural a consequence of a driver's conduct as swerving out of the way of an inattentive driver.

While not mandatory, controlling precedent, such as Texas Court of Criminal Appeals' decisions, cases from other jurisdictions do provide guidance in this area. A New York court found that the driver of a pickup truck, whose passenger jumped out the door after being subjected to the driver's sexual advances, was sufficiently involved in an accident, the result of which was the passenger's death. *See People v. Slocum,* 112 A.D.2d 641, 492 N.Y.S.2d 159, 160 (N.Y.App.Div.1985). There, the court determined that the evidence established the culpability of the defendant as well as the happening of an accident. A California court, interpreting a statute almost identical to the statute presented to this Court, found that the driver of a vehicle who cut off a motorcycle by making a left turn in front of it, thus forcing the motorcycle to hit a metal pole to avoid the car, was involved with and did cause an accident. *See People v. Ammons,* 10 Cal.App.3d 682, 89 Cal.Rptr. 360, 361–63 (1970); *see also* Cal.Veh.Code §§ 20001, 20003 (Deering 1970). These cases are persuasive and illustrative for the proposition that "involvement in an accident" need not require a physical collision.

 As stated earlier, ordinary meanings are attached to terms not given a statutory definition. *See* Tex.Gov't.Code Ann. § 311.011(a) (Vernon 1988). Resort to legal or other well accepted dictionaries is one way to determine the ordinary meanings of certain terms. In interpreting the phrase "involved in an accident," *Black's Law Dictionary* provides a legal definition for the term "accident" as applicable to automobiles as follows: "[T]he word 'accident,' requiring operator of vehicle to stop immediately in case of accident, contemplates any situation occurring on the highway wherein he so operates his automobile as to cause injury to the property or person of another using the same highway." Black's Law Dictionary 14 (5th ed. 1979). The way in which Rivas operated his vehicle certainly resulted in an injury to one of his passengers. The word "involve," although not having a specific legal meaning, has been defined as "[t]o relate close-

ly" or "[t]o have an effect on." *See* WEB-
STER'S NEW COLLEGIATE DICTIONARY 637 (9th
ed. 1985). Accordingly, one cannot contend
that Rivas' actions did not relate closely or
have an effect on his passenger's conduct
and resulting death.

Therefore, cognizant of thé inherent dif-
ficulty of specifically defining a phrase left
undefined by the legislature, as noted by
thé *Steen* Court, we hold that, based upon
the aforementioned cases and secondary
authority, Rivas was in fact involved in an
accident as contemplated by the statute.
Rivas' sole point of error is overruled.

The trial court's judgment is affirmed.