United States Court of Appeals,
Fifth Circuit.
No. 95-50207
Summary Calendar.

Melvin GENTRY, Individually and as Personal Representative of the Estate of Michael Lee Gentry, Deceased;  Betty Gentry, Plaintiffs,

and

Catherine Johnson, as Natural Guardian of the Person of and Legal Guardian of the Estate of and as Next Friend of Jordan Elizabeth Gentry, a Minor, Plaintiff-Appellee,

v.

FLINT ENGINEERING AND CONSTRUCTION COMPANY, INC.;  Sunbelt Tractor & Equipment Company, Defendants,

and

Planet Insurance Company, Movant-Appellant.

Feb. 28, 1996.

Appeal from the United States District Court for the Western District of Texas.

Before WIENER, PARKER and DENNIS, Circuit Judges.

PER CURIAM:

This case presents the issue of whether an employer constitutes a "third-party" for purposes of the subrogation provision of the Texas workers' compensation statute.  Tex. Labor Code § 417.001-417.002 (West Pamphlet 1995).  Following the death of Michael Gentry in a workplace-related accident, the appellant, Planet Insurance, paid $66,000 in workers' compensation benefits to the minor child of Mr. Gentry.  The deceased's parents and child then brought this action under diversity jurisdiction against his employer, Flint Engineering and Construction Co., seeking exemplary

damages pursuant to Tex.Lab.Code Ann. § 408.001(b).  The employer settled the claim for $125,000, and Planet Insurance intervened in the suit seeking a subrogation lien against the settlement for the return of the $66,000 in workers' compensation benefits paid to the child.  The district court denied the claim and Planet Insurance now appeals.  We affirm.

Texas law provides for subrogation by insurance carriers to "enforce the liability of the third party in the name of the injured employee," and for reimbursements from awards already collected.  Tex. Labor Code § 417.001-417.002 (West Pamphlet 1995). Planet Insurance argues that it can seek reimbursement from the plaintiff for funds paid to her in settlement of her exemplary damage claims by Planet's insured, the employer, because an employer is a third party under the statute.  The district court held that an employer is not a third party under the statute.

We review conclusions of law de novo.  *Willis v. Roche Biomedical Laboratories,* 21 F.3d 1368, 1370 (5th Cir.1994).

In general, the concept of "third persons" against whom common-law actions may be brought for compensable injuries, includes all persons *other* than the injured person's own employer and classes of persons treated the same as the employer for this purpose by statute or judicial decision.  See Larson, The Law of Workers' Compensation Vol. 2A § 72.00 et seq. (1995) The Texas statute shows no intent to depart from this general concept.

The full text of the provision at issue is as follows:

§ 417.001.  Third-Party Liability

2

(a) An employee or legal beneficiary may seek damages from a third-party who is or becomes liable to pay damages for an injury or death that is compensable under this subtitle and may also pursue a claim for workers' compensation benefits under this subtitle.

(b) If a benefit is claimed by an injured employee or a legal beneficiary of an injured employee, the insurance carrier is subrogated to the rights of the injured employee and may enforce the liability of the third party in the name of the injured employee or the legal beneficiary ...

§ 417.002 Recovery in Third-Party Action

(a) The net amount recovered by a claimant in a third-party action shall be used to reimburse the insurance carrier for benefits, including medical benefits, that have been paid for the compensable injury.

We have not found any Texas court decision on the issue of whether the definition of third-party may include an employer; neither does the statute define "third-party." We must therefore look to the ordinary meaning of the term. *Rivas v. State,* 787 S.W.2d 113, 115 (Tex.App.—Dallas 1990, no writ.) In a statute which describes the legal duties owed between employers and employees, "third-party" clearly must exclude these first and second parties.[1]

Any other interpretation of third-party would negate other sections of the statute. *See Volunteer Council v. Berry,* 795 S.W.2d 230, 240 (Tex.App.—Dallas 1990, writ denied) (Statutory provisions should not be interpreted to conflict with each other.) For example, § 417.001(a) allows employees to sue third-parties for damages outside of workers' compensation. Interpretation of third-party to include employers would permit tort suits against

---

[1]Because we conclude that the employer is not a "third-party" we need not reach the question of whether the insurance carrier is subrogated to the rights of the employee to punitive or exemplary damages as well as compensatory damages. See 2A Larson § 74.37.

3

employers and would place this provision in direct conflict with the exclusive remedy provision in § 408.001(a). Also, a differentiation in meaning between the two terms is indicated by § 417.004, "Employer Liability to Third-Party," (employer is not liable to third party for reimbursement or damages unless the employer executed, before the employee's injury or death, a written agreement with the third party to assume the liability.)

The appellants argue that the 1993 amendments to the Act indicate a legislative intent to include employers in the definition of third-parties. The statute previously read:

> § 6a. Recovery from third person; subrogation; attorney's fees.
>
> (a) If the injury for which compensation is payable under this law was caused under circumstances creating a legal liability in some person other than the subscriber to pay damages in respect thereof, ...

Tex.Rev.Civ.Stat.Ann. art. 8307 § 6a(a) (Vernon's 1995 Supp. to Volume 23) (repealed). The appellants interpret the later omission of the language "in some person other than the subscriber" as evidence of a change in the meaning of the statute.

The replacement of "person other than the subscriber" with "third-party" merely substitutes terms without changing the meaning of the law. The ordinary meaning of the term itself, especially within the structure of the workers' compensation statute, allows no other interpretation.

Accordingly, we AFFIRM.

4