NUMBER
13-00-041-CR

 

                             COURT
OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                       CORPUS CHRISTIBEDINBURG

 

DAVID C. DEVORA,                                                            Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                       Appellee.

 

     On appeal from the 56th District Court
of Galveston County, Texas.

 

                                   O P I N I O N

 

                 Before Justices Hinojosa,
Yañez, and McCormick[1]

                                   Opinion by
Justice Yañez

 








Appellant,
David Carl Devora, was arrested and charged with the felony offense of failure
to stop and render aid.[2]  Appellant pled not guilty to the offense and
requested a jury trial on guilt/ innocence and elected to proceed before the
trial court on punishment.  The jury
returned a verdict of guilty, and the trial court assessed punishment at five
years.  By four points of error,
appellant challenges the legal and factual sufficiency of the evidence.  We affirm.

Background

It is
undisputed that on July 2, 1998, appellant and his common-law wife, Janie
Garcia, were traveling south on interstate forty-five from Houston to
Galveston.  Shortly before two in the
morning, La Marque police discovered Janie=s body on the
side of the freeway.  The police observed
no pulse at the scene, and a later autopsy revealed that she had died from
massive head trauma.  Appellant gave
three separate statements about what occurred on that drive.  The remainder of this account is based on
these statements and the appellant=s testimony.








Earlier in the
evening, the appellant and Janie had been at a night club where they were
drinking and arguing.  Apparently, Janie
wanted to go to Galveston with some friends. 
Appellant did not want to go and did not want her to go with anyone
else.  Janie left with her friends and
appellant followed them to a gas station. 
Afterwards, Janie got in the car with appellant.  While appellant was driving at a high rate of
speed on the interstate, he began to look for an exit to turn around and head
home.  It was at this time that Janie
jumped from the passenger side of the car. 
Appellant claims that he immediately stopped and approached the
body.  Then he left, drove to a closed
gas station, and remained there for approximately twenty-five minutes.  At trial, appellant could not remember if
there was a pay phone at that location or not. 
An officer testified that there was a pay phone at the gas station, and
an additional twenty more pay phones in the vicinity.  When appellant made his way back to the
scene, other drivers, paramedics and the police had arrived at the scene. 

Analysis

In his third
and fourth points of error, appellant contends that the evidence is legally and
factually insufficient to prove that an accident occurred or that he was
involved in an accident.  We disagree.

Claims of legal
insufficiency of evidence are reviewed by examining the evidence in the light
most favorable to the verdict and determining whether any rational trier of
fact could have found the essential elements of the crime beyond a reasonable
doubt.  See Johnson v. State, 871
S.W.2d 183, 186 (Tex. Crim. App. 1993). 
As for a review of factual sufficiency, the appellate court must review
all of the evidence in a neutral light and set aside the verdict only if the
evidence is so weak as to be clearly wrong and manifestly unjust, or if the
adverse finding is against the great weight and preponderance of the available
evidence.  See Clewis v. State,
922 S.W.2d 126, 129 (Tex. Crim. App. 1996).

The gist of
appellant=s argument on
these points is that he believes what occurred on the fateful night in question
does not qualify as an Aaccident@ under the
applicable statutes.  The Transportation
Code provides:

' 550.021.  Accident Involving Personal Injury or Death

 








(a) The
operator of a vehicle involved in an accident resulting in injury to or death
of a person shall:

 

(1) immediately
stop the vehicle at the scene of the accident or as close to the scene as
possible;

 

(2) immediately
return to the scene of the accident if the vehicle is not stopped at the scene
of the accident; and

 

(3) remain at
the scene of the accident until the operator complies with the requirements of
Section 550.023. . . .

 

' 550.023.  Duty to Give Information and Render Aid

 

The operator of
a vehicle involved in an accident resulting in the injury or death of a person
or damage to a vehicle that is driven or attended by a person shall: . . .

 

(3) provide any
person injured in the accident reasonable assistance, including transporting or
making arrangements for transporting the person to a physician or hospital for
medical treatment if it is apparent that treatment is necessary, or if the injured
person requests the transportation.

 

Tex. Transp. Code Ann. ' 550.021,
550.023 (Vernon 1999).  Remarkably, the
code fails to define the term Aaccident.@  Appellant contends that, since only one car
is involved, the State must show that the death resulted from his negligence or
unsafe driving in order to satisfy the Ainvolved in an
accident@ requirement of
these statutes.








We are not
persuaded by the case appellant offers in support of this argument.  In Rivas v. State, the
appellant/driver=s actions could
logically be said to have set in motion the sequence of events that led to the
jumping victim=s death.  Rivas v. State, 787 S.W.2d 113, 115-16
(Tex. App.BDallas 1990, no
writ).  In that case, the driver
approached a railroad crossing as the warning lights and bells went off.  See id. at 114.  The driver decided he could beat the
approaching train across the tracks.  See
id.  The front seat passenger jumped
out of the car, apparently in fear of a collision, while the driver and back
seat passenger passed through the crossing unscathed.  See id.  The Rivas court held the driver was
involved in accident for the purposes of the statute, even though only one car
was involved and no collision occurred.  See
id. at 115-16.  However, the Rivas
court did not explicitly hold that it was imperative that the driver be at
fault in order for the incident to be classified as accident.  See id.








While the
transportation code and Rivas fail to specifically define Aaccident,@  we are not without direction.  The Court of Criminal Appeals has held that Aif the language
of a statute is unambiguous, we give effect to its plain meaning unless doing
so would lead to absurd results.@  Boykin v. State, 818 S.W.2d 782, 785
(Tex. Crim. App. 1991).  Here, the
statutes make no mention at all of fault, negligence, or liability.  Thus, the statutes= plain meaning
is that they apply to any operator of a vehicle, not only a negligent or unsafe
driver, who is involved in an accident, regardless of whether one car is
involved or several.  In addition,  A[r]esort to
legal or other well accepted dictionaries is [another] way to determine the
ordinary meanings of certain terms.@  Rivas, 787 S.W.2d at 116.  In interpreting the word Aaccident,@ Black=s Law
Dictionary provides several definitions, including: Aa happening,@ Aan incident,@ Aan occurrence
or event,@ Asome sudden and
unexpected event taking place without expectation,@ and Asomething
unforeseen.@  Black=s Law Dictionary 9 (6th ed. 1991).  This
case may not resemble the stereotypical car accident, but it certainly fits
these definitions.  The intent of the
statute would be defeated if we were to hold otherwise.  Furthermore, any other reading of these
statutes leads to an absurd result. 
Appellant=s argument,
which would exempt him from responsibility under the statutes on the basis that
there was no Aaccident@ and reverse
the conviction, is an absurd result we decline to embrace.

After examining
all of the evidence in the light most favorable to the verdict, we hold that a
reasonable jury could find beyond a reasonable doubt that the State proved the Ainvolved in an
accident@ element of
offense of failure to stop and render aid. 
See Johnson, 871 S.W.2d at 186. 
The evidence is therefore adequate to defeat appellant=s claim of
legal insufficiency on this point. 
Moreover, after reviewing the evidence in a neutral light, we conclude
that there is enough evidence to support that an accident in fact occurred to
withstand appellant=s factual
sufficiency challenge.  See Clewis,
922 S.W.2d at 129.  Appellant=s third and
fourth points of error are overruled.

In his first
and second points of error, appellant contends that the evidence is legally and
factually insufficient to prove that appellant had a duty to provide
assistance. Appellant=s argument on
both of these points is that his wife, the passenger, was responsible for her
own actions and resulting injuries, and as such, he had no duty to assist in
the aftermath.  It also appears that
appellant believes he had no duty because he could not have changed the outcome,
since his wife was deceased by the time paramedics arrived.  We disagree.








Appellant=s contention
that he had no duty because he was not at fault, and did not cause the
accident, is false.  Assuming appellant=s claim that
his wife jumped from their speeding car is true, the negligence of the deceased
prior to the accident is not a defense to the actions and/or non-action of
appellant in failing to render reasonable assistance to his wife after the accident.  See Rains v. Heldenfels Bros., 443
S.W.2d 280, 294-95 (Tex. Civ. App.BCorpus Christi
1969, writ ref=d n.r.e.).

Furthermore,
evidence that his wife was dead or that her condition was hopeless does not
exonerate appellant.  In Moore v.
State, the Texas Supreme Court approved the following sentiments of a
California appellate court:

Certainly
decency and common respect dictate that mutilated humans should not be allowed
to lie around in the street as mute evidence . . . There was at least such
assistance to be rendered as would comply with the respect due from one human
to another who has passed beyond the veil of materiality. . . .  [Appellant] certainly cannot be heard to say that
he is guilty of no offense because the woman was killed instead of
injured.  Justice would indeed be Ablind@ and deaf and
dumb to heed such specious arguments.

 

Moore v. State, 145 S.W.2d
887, 888-89 (Tex. Crim. App. 1940) (quoting People v. McKee, 251 P. 675,
677 (Cal. Ct. App. 1926)).  In Texas, the
mere fact that an injured person died, and was therefore not in need of
assistance, does not excuse the failure of the driver to stop or comply with
other provisions of the statute.  See
Moore, 145 S.W.2d at 888;  Galvan
v. State, 846 S.W.2d 161, 164 (Tex. App.BHouston [1st Dist.] 1993, no writ).

In conclusion,
we hold that a reasonable jury could have reviewed the evidence presented in
this case and found beyond a reasonable doubt that the State proved the duty
element of failure to stop and render aid. 
See Johnson, 871 S.W.2d at 186. 
Therefore, the evidence is adequate to defeat appellant=s claim of
legal insufficiency.  Also, because the
State demonstrated that appellant was driving the car when the accident
occurred, there is enough evidence supporting the existence of appellant=s duty to
withstand his factual sufficiency challenge on this point.  See Clewis, 922 S.W.2d at 129.  Appellant=s first and second points of error are
overruled.








We have considered all
of appellant=s arguments, and they
are all overruled.  The trial court=s judgment is affirmed.

 

                                                              
                                                       

LINDA REYNA
YAÑEZ

Justice

 

 

 

Do not publish.  Tex.
R. App. P. 47.3.

 

Opinion delivered and filed this the

12th day of September, 2002.

 











[1]Retired
Judge Michael J. McCormick assigned to this Court by the Chief Justice of the
Supreme Court of Texas pursuant to Tex.
Gov=t Code Ann. ' ' 74.003 and 75.002 (Vernon 1998).





[2]Tex. Transp. Code Ann. ''
550.021, 550.023 (Vernon 1999).