Opinion filed August 2,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                 Nos. 11-10-00255-CR, 11-10-00256-CR, &
11-10-00257-CR

                                                    __________

 

                                        ISAAC
LOPEZ, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 244th District Court

 

                                                             Ector
County, Texas

 

                                 Trial Court Cause Nos.
C-35,250, C-35,251, C-36,199 

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            Isaac
Lopez, appellant, was charged with three offenses: failure to stop and render
aid, evading arrest or detention, and murder.  These offenses have separate
indictments, jury charges, and judgments but were tried together.  The jury
convicted appellant of all three offenses and assessed his punishment at confinement
for five years, confinement for ten years and a fine of $5,000, and confinement
for seventy-five years and a fine of $10,000, respectively.  The trial court
sentenced appellant accordingly and ordered that the sentences shall run
concurrently.  We affirm.

On
appeal, appellant presents two issues involving the trial court’s charge to the
jury on murder and on failure to stop and render aid.  In his first issue,
appellant contends that he suffered egregious harm as a result of the trial
court’s failure to instruct the jury that his actions could have been either
“accidental” or “intentional and knowing” but that his actions could not
legally have been both.  Appellant reasons, therefore, that his convictions for
failure to stop and render aid and for murder cannot stand.  In his second
issue, appellant contends that he suffered some harm from the trial court’s
refusal to instruct the jury on the lesser included offense of criminally
negligent homicide.

            Appellant
does not challenge the sufficiency of the evidence.  In his brief, appellant
states that the evidence left no doubt that he suddenly put his vehicle into
reverse and, in so doing, ran over Melissa Bustamante after an altercation involving
appellant and others at Bustamante’s house; that Bustamante died as a result of
being run over by appellant’s vehicle; and that appellant left the scene
without stopping to help her.  Appellant asserts that the disputed issue at
trial was his mens rea, i.e., whether he acted intentionally, knowingly,
recklessly, or accidentally.

Appellant
addresses the issue of mens rea in his first issue on appeal.  He argues that
the jury should have been instructed that he could not be convicted of murder
and of failure to stop and render aid because such verdicts are legally
irreconcilable since he could not have caused Bustamante’s death knowingly or
intentionally and, at the same time, caused her death accidentally as a result
of an accidental collision.

            We do
not agree with appellant’s contention that he cannot be guilty of both murder
and failure to stop and render aid.  As charged in this case, a person commits
the offense of murder if he intentionally or knowingly causes the death of an
individual.  Tex. Penal Code Ann. § 19.02(b)
(West 2011).  A person commits the offense of failure to stop and render aid if
he operates a vehicle “involved in an accident resulting in” the injury or
death of another person and he intentionally or knowingly fails to stop and
render reasonable assistance.  Tex. Transp.
Code Ann. §§ 550.021, 550.023 (West 2011); Steen v. State, 640
S.W.2d 912, 914­–15 (Tex. Crim. App. 1982).  The use of the noun “accident” in
Sections 550.021 and 550.023 does not relate to the offender’s mental state or
mens rea.  The term “accident” is not defined in the Transportation Code; therefore,
we construe the term as have other courts according to its common usage.  See
Sheldon v. State, 100 S.W.3d 497, 501–03 (Tex. App.—Austin 2003, pet.
ref’d).  As used in Sections 550.021 and 550.023, the term “accident” commonly refers
to a collision involving a motor vehicle; it has also been interpreted to refer
to an incident in which the passenger of a moving vehicle jumps or falls out of
the vehicle.  See Sheldon, 100 S.W.3d at 501–03 (passenger jumped out of
vehicle); Rivas v. State, 787 S.W.2d 113 (Tex. App.—Dallas 1990, no
pet.) (passenger jumped out of vehicle).  Absurd results would follow if we were
to agree with appellant’s contention: the operator of a vehicle could
intentionally collide with another car or run over a person and then leave the
scene without being guilty of failing to stop and give information or render
aid because there would be no “accident,” whereas under the same scenario
except that the collision is unintentional, the operator would be guilty.  We
construe the term “accident” as used in Sections 550.021 and 550.023 to include
a situation where the operator of a vehicle knowingly or intentionally runs
into a person.

Although
the murder and the failure to stop and render aid in this case were part of a
single crime spree, they were separate offenses.  The murder was complete when
appellant intentionally or knowingly ran over the victim.  After running over
the victim and, thus, being involved in an “accident,” appellant then left the
scene and thereby committed the offense of failure to stop and render aid.  The
trial court did not err in failing to instruct the jury that it could not
convict appellant of both offenses, and the jury’s guilty verdicts are not
irreconcilable.  Because the jury charge was not erroneous in this respect, we
need not determine whether appellant suffered egregious harm as argued by
appellant in his first issue.  Appellant’s first issue is overruled.

In
his second issue, appellant complains of the trial court’s failure to charge
the jury on the lesser included offense of criminally negligent homicide.  The
record shows that the trial court gave an instruction on the lesser included
offense of manslaughter for “recklessly” causing the victim’s death, which the
jury rejected, but that the trial court refused appellant’s request to instruct
the jury on criminally negligent homicide.  In refusing appellant’s request,
the trial court stated that appellant’s testimony produced only a “scintilla of
evidence that would justify the submission” of a charge on criminally negligent
homicide but that a rational jury could not find appellant guilty only of that
offense.

A
two-pronged test is used to determine whether a lesser included offense must be
included in the jury charge when requested.  A charge on a lesser included offense is required if (1) the lesser included offense is included within the proof
necessary to establish the offense charged and (2) there is some evidence that
would permit a rational jury to find that, if the accused is guilty, he is
guilty of only the lesser offense.  Rousseau v. State, 855 S.W.2d 666,
672–73 (Tex. Crim. App. 1993); Royster v. State, 622 S.W.2d 442, 446
(Tex. Crim. App. 1981); see Tex.
Code Crim. Proc. Ann. art. 37.09 (West 2006).  If evidence from any
source raises the issue that a lesser included offense may have been committed
and the issue is properly requested, the charge must be given.  Moore v. State,
574 S.W.2d 122, 124 (Tex. Crim. App. 1978).  A defendant is entitled to an
instruction on every issue raised by the evidence, whether produced by the
State or the defendant, regardless of whether it is strong, weak, unimpeached,
or contradicted.  Thompson v. State, 521 S.W.2d 621, 624 (Tex. Crim.
App. 1974).

The
first prong of the test is not at issue in this case as the State concedes that
criminally negligent homicide is a lesser included offense of murder.  See
Thomas v. State, 699 S.W.2d 845, 847 (Tex. Crim. App. 1985).  With respect
to the second issue, we must determine whether there was some evidence in the
record that would have permitted a rational jury to find that, if appellant was
guilty, he was guilty of only criminally negligent homicide.  A person acts
with criminal negligence:

[W]hen he ought to be aware of a
substantial and unjustifiable risk that the circumstances exist or the result
will occur.  The risk must be of such a nature and degree that the failure to
perceive it constitutes a gross deviation from the standard of care that an
ordinary person would exercise under all the circumstances as viewed from the
actor’s standpoint.

Tex. Penal Code Ann. § 6.03(d) (West 2011).

            After
reviewing all of the record, we have found nothing in the record, not even
appellant’s testimony, that suggests that appellant failed to perceive or was
unaware that a risk of death existed.  See Saunders v. State, 840 S.W.2d
390, 392 (Tex. Crim. App. 1992).  Appellant acknowledged that he knew there
were people around his pickup when he put it in reverse, revved the engine, and
let off the brake.  Although appellant said he did not see anyone behind him,
he stated that people in the group “were banging all the way around my truck.”  We
can find no evidence or any inferences therefrom that appellant was unaware of
the risk that his conduct created.  Thus, the trial court correctly determined
that a rational jury could not conclude that appellant was guilty only of
criminal negligence.  Consequently, appellant was not entitled to an
instruction on the lesser included offense of criminally negligent homicide.

Moreover,
even if the trial court erred in refusing to charge the jury on criminally
negligent homicide, such error was harmless.  See Levan v. State, 93
S.W.3d 581, 584–87 (Tex. App.—Eastland 2002, pet. ref’d) (involving similar facts);
see also Saunders v. State, 913 S.W.2d 564 (Tex. Crim. App. 1995). 
Under the facts of this case and in light of the jury’s convicting appellant of
murder instead of the lesser included offense of manslaughter, which would have
allowed the jury to find that appellant recklessly caused the victim’s death by
disregarding a risk of which he was aware, any error in failing to charge the
jury on criminally negligent homicide did not harm appellant.  See Masterson
v. State, 155 S.W.3d 167, 171–72 (Tex. Crim. App. 2005).  Appellant’s
second issue is overruled.

            The
judgments of the trial court are affirmed.

 

 

                                                                                                JIM
R. WRIGHT

                                                                                                CHIEF
JUSTICE

 

August 2, 2012

Do not publish. 
See Tex. R. App. P.
47.2(b). 

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.