Gholamerza GHARBI, Appellant,

v.

The STATE of Texas.

Nos. 1543–02, 1545–02.

Court of Criminal Appeals of Texas.

Dec. 17, 2003.

Richard B. Tanner, Richardson, for Appellant.

Patricia Poppoff Noble, Assistant District Attorney, Dallas, Matthew Paul, State's Attorney, Austin, for State.

### OPINION

HERVEY, J., delivered the opinion of the Court in which KELLER, P.J., MEYERS, KEASLER, HOLCOMB and COCHRAN, JJ., joined.

■ Appellant was convicted of violating the same protective order on two occasions. State law, in relevant part, defines the elements of the offense of violating a protective order as a person who knowingly or intentionally goes near the residence of a protected individual in violation of an order issued under the Family Code. *See* § 25.07(a)(3)(A), Tex. Penal Code. The issue presented in these cases is whether the evidence is sufficient to support a conviction for this offense when the charging instruments contain an unnecessary allegation. We decide that the evidence is sufficient to support appellant's two convictions for violating a protective order.

The records in these cases reflect that appellant was the subject of two protective

orders that were issued by the same court in a divorce proceeding between appellant and his wife. One order prohibited appellant from going within 500 feet of the residence of his wife (Evelyn), and the other order prohibited him from going within 500 feet of the residence of their minor daughter (Ivana). Ivana lived with Evelyn in the residence listed in the protective orders.

An information charged appellant with violating Ivana's protective order on May 5, 2000, and another information charged him with violating the same protective order on May, 17, 2000. For example, the information in cause number 1545–02 alleged that "on or about" May 17, 2000, appellant:

> did unlawfully then and there intentionally and knowingly go to and near the residence of [Evelyn], a protected individual, at [a specific address] in violation of an order issued, to-wit: by the 292nd District Court of Dallas, Texas in Cause Number CV0000285–V, signed by the Court on April 13, 2000, which order is outlined in Section 4 thereof, to-wit: Going to or within 500 feet of the residence of [Ivana], to-wit: [the same specific address] and any subsequent address that may be taken during the pendency of this protective order except as ordered in writing by a District Court of Dallas County, Texas.

Evelyn testified at both trials that she obtained a protective order for herself and one for Ivana. Evelyn also provided testimony over the course of both trials that on May 5th and May 17th appellant came within 500 feet of the residence listed in the protective orders. Ivana's protective order was admitted into evidence at both trials. The jury charges in both trials were consistent with the allegations in the informations.

The sufficiency issue in these cases centers around the allegation in the informations referring to Evelyn as "a protected individual." On direct appeal in both cases, appellant claimed that a variance between this allegation and the proof at his trials was "fatal" rendering the evidence insufficient to support his convictions. The Court of Appeals rejected this claim in a single opinion that disposed of both cases. See Gharbi v. State, Nos. 11–01–00020–CR & 11–01–00021–CR, slip op. at 5, 2002 WL 32344344 (Tex.App.-Eastland, May 30, 2002) (nonpublished).

We exercised our discretionary authority to review this decision. In the sole ground upon which we granted discretionary review in both cases, appellant claims that the evidence is insufficient to support his convictions because the prosecution did not prove the allegation in the informations referring to Evelyn as "a protected individual" under Ivana's protective order (which the prosecution could not have proven since Evelyn was not "a protected individual" under that order). Appellant argues in his brief:

> One of the elements of the offense charged was that [Evelyn] was a protected individual under [Ivana's protective order]. In order to convict [appellant] the State must prove, and the jury must find, that [Evelyn] was a protected person under [Ivana's protective order]. There is no such evidence.

■ For evidentiary sufficiency purposes under both federal and state law, the prosecution alleged and proved everything that the law required when it alleged and proved that appellant came within 500 feet of the residence in violation of a protective order. See Fuller v. State, 73 S.W.3d 250, 252 (Tex.Cr.App.2002) (federal constitutional law measures evidentiary sufficiency against the "elements of the criminal offense as defined by state law") and at 254

(state law measures evidentiary sufficiency against an "authorized by the indictment ... hypothetically correct jury charge" which "encompasses [the] statutory elements of the offense as modified by the charging instrument"); *Gollihar v. State,* 46 S.W.3d 243, 254 (Tex.Cr.App.2001); *Malik v. State,* 953 S.W.2d 234, 236–40 (Tex.Cr.App.1997). The allegation in the informations referring to Evelyn as "a protected individual" under Ivana's protective order is not a statutory element or "an integral part of an essential element of the offense" of violating a protective order. *See Fuller,* 73 S.W.3d at 252; *Gollihar,* 46 S.W.3d at 253–55 (discussing how indictment allegations impact sufficiency analysis under state law). Disregarding this allegation for sufficiency purposes also does not require wholly rewriting the informations to charge a different offense. *See Gollihar,* 46 S.W.3d at 253 (courts "may disregard certain unnecessarily pled indictment allegations on sufficiency review" but they should not "allow the hypothetically correct charge to wholly re-write the indictment to charge a different offense").[1]

In addition, the variance between the allegations in the informations referring to Evelyn as "a protected individual" and the proof at the trials is immaterial. The records in these cases reflect that appellant had sufficient notice of the charges against him and that he was not surprised by the proof at his trials. *See Fuller,* 73 S.W.3d at 254; *Gollihar,* 46 S.W.3d at 257. These records also reflect that appellant is not at risk of being prosecuted later for the same offenses since (for double jeopardy purposes) the records clearly show that appellant was convicted of going near Ivana's residence on May 5th and May 17th in violation of Ivana's protective order. *See Fuller,* 73 S.W.3d at 254; *Gollihar,* 46 S.W.3d at 257.

The judgment of the Court of Appeals is affirmed.

MEYERS, J., filed a concurring opinion in which COCHRAN, J., joined.

PRICE, WOMACK and JOHNSON, JJ., concurred.

MEYERS, J., filed a concurring opinion in which COCHRAN, J., joined.

I agree with the majority that this is an issue of evidentiary sufficiency rather than a variance issue as discussed by the Court of Appeals.

A variance occurs when the State proves the commission of a crime in a manner that varies from the allegations in the charging instrument. *See Gollihar v. State,* 46 S.W.3d 243, 254–255 (Tex.Crim. App., 2001) (immaterial variance between the indictment and the proof at trial); *Malik v. State,* 953 S.W.2d 234 (Tex.Crim. App.1997) (variance between the charging instrument and the jury charge). In this case, a variance would have occurred if, for example, the charging instrument alleged that appellant violated the order protecting Ivana by going to her daycare, but at trial the State instead proved that appellant violated the order by communicating with Ivana in a threatening manner or by possessing a firearm. In such a situation,

---

1. We note that the allegation in the informations referring to Evelyn as "a protected individual" along with the other allegations in the informations arguably charge appellant with also violating Evelyn's protective order. This would violate the rule that a paragraph in a charging instrument should not charge more than one offense. *See* Article 21.24(b), TEX. CODE CRIM. PROC.; *Callins v. State,* 780 S.W.2d 176, 183 (Tex.Cr.App.1986); *Aguirre v. State,* 732 S.W.2d 320, 325–26 (Tex.Cr.App. 1987) (op. on reh'g). But, this is a claim that appellant procedurally defaulted by not raising it in the trial court. *See* Article 1.14(b), TEX. CODE CRIM. PROC.; *Callins,* 780 S.W.2d at 183.

evidence that the defendant possessed a firearm, while that would indeed be a violation of a protective order, would not be sufficient to prove the allegation in the charging instrument that appellant violated the order by going to the daycare. Because this is not the situation in the case before us, appellant's variance arguments must fail.

The charging instrument alleges that appellant violated the order protecting Ivana by going to the residence of Evelyn (who also happens to be a protected person-a fact not necessary to the allegation). Under Texas Penal Code Section 25.07(a)(3)(B), appellant was in violation of the order protecting Ivana when he went to the residence of Evelyn (whether or not she was indeed a protected individual) because it is the residence where the child protected by the order normally resides.

Whatever the status of Evelyn, the elements of the offense that were required to be proven at trial are: there was a valid order protecting Ivana; Ivana normally resided at the residence of Evelyn (her mother); and appellant intentionally and knowingly went to or near the residence of Evelyn. As a result, the evidence introduced at trial (Ivana's protective order) was sufficient to prove that she was a protected individual who resides at the home of her mother, Evelyn. This, coupled with Evelyn's testimony that appellant came to her residence, is sufficient to support the findings of the triers of fact (a judge in the first trial and a jury in the second) that appellant violated the order protecting Ivana on two separate occasions.

The language describing Evelyn as "a protected person" may be surplusage. *See Whetstone v. State,* 786 S.W.2d 361, 364 (Tex.Crim.App.1990) ("allegations which are not essential to constitute the offense, and which might be entirely omitted without affecting the charge against the defendant, and without detriment to the indictment, are treated as mere surplusage.") If Ivana normally resided with a family friend named Joe Bob and appellant had gone to Joe Bob's house, then the charging instrument would have said that appellant unlawfully went to the residence of Joe Bob, a family friend, in violation of the order protecting Ivana. The prosecution would not be required to offer evidence at trial that Joe Bob was indeed a family friend because it is not an element of the offense and it is not necessary to the allegation that appellant violated the order protecting Ivana. Thus, the fact that the charging instrument superfluously adds the fact that Evelyn was also a protected individual does not mean that must be proven at trial. However, even if the "protected person" language is *not* surplusage and must be proven at trial, introduction of the actual Evelyn protective order is not the only method by which the State can prove Evelyn's status as a protected individual. The record indicates that the State attempted to introduce both protective orders but the trial court required the prosecutor to choose only one to enter into evidence. The prosecution entered the Ivana protection order, the one that was specifically described in the information. The State then elicited testimony from Evelyn, as well as the police officers, who testified that she too was a protected person. The testimony of the police officers, that they had investigated the violations and had ascertained that there were valid orders protecting both Evelyn and Ivana, would be sufficient to prove Evelyn's status as a protected individual if that fact was necessary to the allegation in the charging instrument.

With these comments, I join the judgment of the Court.