**Kevin Jerome GILLIE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–05–00032–CR.**

Court of Appeals of Texas,
Waco.

Nov. 16, 2005.

Discretionary Review Refused
March 29, 2006.

---

Wm. Reagan Wynn, Kearney Law Firm, Ft. Worth, for appellant.

Bruce Isaaks, Denton County Dist. Atty., Denton, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

FELIPE REYNA, Justice.

A jury convicted Kevin Jerome Gillie of failure to stop and give information after being involved in an accident resulting in damage to another vehicle. The court sentenced Gillie to 180 days' confinement and a $300 fine, suspended imposition of sentence, and placed Gillie on community supervision. Gillie contends in two points that: (1) the evidence is legally insufficient to prove that his car collided with any other vehicle on the occasion in question; and (2) the application paragraph of the jury charge is erroneous because it does not follow the statutory language for the offense charged. We will affirm.

The information alleges that, on or about the date in question, Gillie

did then and there intentionally or knowingly drive a vehicle that became involved in an accident resulting in damage to a vehicle, and the said defendant did thereafter, knowing said accident had occurred, intentionally or knowingly fail to give his name, address, registration number of the vehicle the defendant was driving, or the name of the defendant's motor vehicle liability insurer to Lauren Evans, who was the driver of the vehicle collided with, and the damage to the vehicle collided with resulted in a pecuniary loss of $200 or more.

### Legal Sufficiency

Gillie contends in his first point that the evidence is legally insufficient to prove that his car collided with any other vehicle on the occasion in question.

We measure legal sufficiency against "the hypothetically correct jury charge for the case." *Fuller v. State*, 73 S.W.3d 250, 252 (Tex.Crim.App.2002) (quoting *Gollihar v. State*, 46 S.W.3d 243, 253 (Tex.Crim.App.2001) (quoting *Malik v. State*, 953 S.W.2d 234, 240 (Tex.Crim.App. 1997))). The hypothetically correct jury charge is authorized by the indictment or information and "encompasses [the] statutory elements of the offense." *See Gharbi v. State*, 131 S.W.3d 481, 482–83 (Tex. Crim.App.2003) (quoting *Fuller*, 73 S.W.3d at 254; *see also Gollihar*, 46 S.W.3d at 254; *Malik*, 953 S.W.2d at 240. An allegation in an indictment or information which is "not a statutory element or 'an integral part of an essential element of the offense'" may be disregarded. *Gharbi*, 131 S.W.3d at 483 (quoting *Gollihar*, 46 S.W.3d at 254).

The elements of the offense charged are: (1) an operator of a vehicle; (2) intentionally or knowingly; (3) involved in an accident; (4) resulting in damage to a vehicle; (5) fails to stop or provide the required information. *See* TEX. TRANSP. CODE ANN. §§ 550.022(c), 550.023 (Vernon 1999);

*Steen v. State,* 640 S.W.2d 912, 915 (Tex. Crim.App.1982); *St. Clair v. State,* 26 S.W.3d 89, 98–99 (Tex.App.-Waco 2000, pet. ref'd). Gillie's challenge to the legal sufficiency of the evidence relates to the third element, whether he was involved in an accident.

■ With regard to this element, the defendant's car need not collide with the victim's car to be "involved" in an accident. *See Steen,* 640 S.W.2d at 914; *Rivas v. State,* 787 S.W.2d 113, 115–16 (Tex.App.-Dallas 1990, no pet.). Rather, if the defendant causes an accident, then the defendant is "involved" in that accident, even if his car does not physically collide with others involved in the accident. *Id.*

It is undisputed that Gillie's car did not "collide with" Evans's pickup on the occasion in question. Rather, Gillie passed Evans, moved back into the lane right in front of her, then hit his brakes. This caused Evans to take evasive action, resulting in her pickup rolling over several times and coming to rest in a ditch.

■ It could be inferred from the "collided with" language used in the information that the State was alleging that Gillie's and Evans's vehicles collided. Nevertheless, the details of the accident are not "a statutory element of the offense," just as the name of a victim is not. *See Fuller,* 73 S.W.3d at 254. Thus, we may disregard the "collided with" allegation in assessing the sufficiency of the evidence. *See Gharbi,* 131 S.W.3d at 483.

One of the passengers in Evans's pickup identified Gillie as the driver of the car which stopped abruptly in front of them, leading to the accident. An employee of the dealership which owned the car Gillie was driving told the detective that Gillie was driving the car on the date in question. Gillie himself told the detective in a noncustodial interview that he had been driving in the vicinity of the accident at the pertinent time and he described a series of events similar to that which Evans and her passengers testified happened immediately before the accident. Gillie also told the officer that he exited the highway right after this incident to see if an accident had happened, just as an eyewitness to the accident testified that he had.

Viewing the evidence in the light most favorable to the verdict, we hold that a rational trier of fact could find beyond a reasonable doubt that Gillie was involved in an accident. *See Steen,* 640 S.W.2d at 914; *Rivas,* 787 S.W.2d at 115–16. Accordingly, we overrule Gillie's first point.

## Jury Charge

■ Gillie contends in his second point that the application paragraph of the jury charge is erroneous because it does not follow the statutory language for the offense charged.

The abstract instructions in the charge properly instructed the jury regarding the pertinent statutory definitions for the offense charged. For example, the charge quoted section 550.022 which establishes the duties which must be followed by a driver involved in an accident involving damage to a vehicle. Namely, the driver must

(1) immediately stop the vehicle at the scene of the accident or as close as possible to the scene of the accident without obstructing traffic more than is necessary;

(2) immediately return to the scene of the accident if the vehicle is not stopped at the scene of the accident; and

(3) remain at the scene of the accident until the operator complies with the requirements of Section 550.023.

Tex. Transp. Code Ann. § 550.022(a) (Vernon 1999).

As this Court explained in *St. Clair*, section 550.022(a) lists alternative statutorily-defined manners in which a defendant may commit the fifth element of the offense, namely, failing to "stop" or provide the required information. 26 S.W.3d at 99. Thus, the fifth element is satisfied by evidence that the defendant:

(1) failed to immediately stop his vehicle at the scene or as close to the scene as possible;

(2) failed to immediately return to the scene if he did not stop there; or

(3) failed to remain at the scene until he had given his name and address, the registration number of his vehicle, and the name of his liability insurer to any others involved in the collision.

*See id.*

However, the application paragraph does not use the language of section 550.022 to describe Gillie's conduct after the accident. Rather, the application paragraph authorized a conviction if Gillie "did ... intentionally or knowingly leave the scene of said accident, without giving [the information required by section 550.023(1) ]." We construe the application paragraph to have required the jury to find that Gillie committed the offense by "fail[ing] to remain at the scene until he had given his name and address, the registration number of his vehicle, and the name of his liability insurer to any others involved in the collision." *See* Tex. Transp. Code Ann. §§ 550.022(a)(3), 550.023(1); *St. Clair*, 26 S.W.3d at 99.

■ "When we review a charge for alleged error, we must examine the charge as a whole instead of a series of isolated and unrelated statements." *Dinkins v. State*, 894 S.W.2d 330, 339 (Tex.Crim.App.

1995); *accord Taylor v. State*, 148 S.W.3d 592, 594 (Tex.App.-Fort Worth 2004, pet. ref'd); *Hanks v. State*, 104 S.W.3d 695, 700 (Tex.App.-El Paso 2003), *aff'd*, 137 S.W.3d 668 (Tex.Crim.App.2004).

The term "leave the scene" is synonymous with the term "fail to remain at the scene." If a person leaves the scene of an accident, he has failed to remain there. The abstract portion of the charge gave the jury the precise statutory definitions applicable to this case. The application paragraph used synonymous language.

Viewed as a whole, we hold that the charge is not erroneous. *See Taylor*, 148 S.W.3d at 595; *Fowler v. State*, 126 S.W.3d 307, 309–10 (Tex.App.-Beaumont 2004, no pet.). Accordingly, we overrule Gillie's second point.

We affirm the judgment.