12-09-00040-CR









NO. 12-09-00040-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

BRANDON
B. BING,                                     §                    APPEAL FROM
THE THIRD

APPELLANT

 

V.                                                                    
§                     JUDICIAL DISTRICT COURT

 

THE STATE OF TEXAS,

APPELLEE                                                    §                     ANDERSON COUNTY, TEXAS







MEMORANDUM
OPINION

            Brandon
Bing appeals his convictions for aggravated assault with a deadly weapon and
deadly conduct.  In his sole issue, Appellant contends that the evidence is
legally and factually insufficient to support the jury’s verdict. We affirm.

 

Background

            On
October 12, 2006, between 3:00 a.m. and 4:00 a.m., Appellant and his two
friends, Jeffrey Brooks and Cody Golightly, were driving in Appellant’s truck
around the Palestine, Texas area on Highway 79.  Appellant’s truck had only a
single row bench seat, with space for a driver and two occupants to sit.  Appellant
was the driver of the truck, Golightly sat in the middle, and Brooks sat on the
right.  Because they had “nothing better else to do at that time,” Brooks and
Golightly threw 16.9 ounce plastic bottles of water at street signs while they
were driving. 

Later,
while still traveling on Highway 79, Golightly and Brooks threw water bottles
at two eighteen wheeler trucks.  The first bottle hit the windshield of Fred Metheny’s
eighteen wheeler.  The bottle did not completely penetrate the windshield, but
the force from the impact caused windshield glass fragments to cut Metheny’s
face and arms.  Shortly thereafter, a second water bottle crashed through Erin
Williamson’s windshield, cutting her face and one of her corneas.  Shards of
glass became lodged in her eye, and she required medical treatment to remove
them. 

A
911 call was made and officers of the Palestine Police Department responded.  Corporal
Jeff Glass made the initial contact with Williamson and Metheny.  Upon
concluding that more water bottles might be thrown, Corporal Glass sought to
apprehend the suspects based on a description of the truck provided by
Williamson and Metheny.  Corporal Glass saw a truck in Palestine that met the
description and initiated a traffic stop.  The Palestine Police Department
determined the water bottles were thrown outside the Palestine city limits and
consequently turned the investigation over to the Anderson County Sheriff’s
Department. Corporal Ryan Tolliver and Deputy Jason Chapman took control of the
investigation. 

Brooks
told Corporal Tolliver that Appellant and Brooks had taken Golightly home
shortly before the traffic stop.  Brooks told Deputy Tolliver that Golightly
had been throwing water bottles.  The officers traveled to Golightly’s home and
spoke with him as well.  Golightly stated that he and Brooks threw water
bottles at the signs and eighteen wheelers while Appellant drove the truck. 

Appellant
was charged by indictment with two counts of aggravated assault with a deadly
weapon.  The matter proceeded to a jury trial, and Appellant pleaded not
guilty.  Ultimately, the jury found Appellant guilty of aggravated assault with
a deadly weapon as to count I for Erin Williamson’s injuries and of deadly
conduct as to count II for Fred Metheny’s injuries.  The jury assessed
punishment at six years of imprisonment on the aggravated assault count,
probated for six years, and a fine of $2,500.00.  On the deadly conduct count,
the jury assessed 180 days of confinement.

 

Legal and Factual Sufficiency of the Evidence

            In
his sole issue, Appellant challenges the legal and factual sufficiency of the
evidence to support the verdict. 

Standard
of Review

In
reviewing the legal sufficiency of the evidence to support a conviction, we
view all of the evidence in the light most favorable to the prosecution in
order to determine whether any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560
(1979); LaCour v. State, 8 S.W.3d 670, 671 (Tex. Crim. App.
2000).  The jury is the sole judge of the credibility of witnesses and of the
weight to be given their testimony.  Barnes v. State, 876 S.W.2d
316, 321 (Tex. Crim. App. 1994).  Any reconciliation of conflicts and
contradictions in the evidence is entirely within the jury's domain.  Losada
v. State, 721 S.W.2d 305, 309 (Tex. Crim. App. 1986).  Likewise, it is
the responsibility of the jury to weigh the evidence and draw reasonable
inferences from basic facts to ultimate facts.  Jackson, 443 U.S. at 319, 99 S. Ct. at 2789.

In
conducting a factual sufficiency review, we look at the evidence in a neutral
light. Lancon v. State, 253 S.W.3d 699, 705 (Tex. Crim. App.
2008).  A verdict will be set aside if the evidence supporting the conviction,
although legally sufficient, is so weak that the jury's determination is
clearly wrong and manifestly unjust, or if there is some objective basis in the
record that shows the great weight and preponderance of the evidence
contradicts the jury's verdict.  Berry v. State,
233 S.W.3d 847, 854 (Tex. Crim. App. 2007); Watson v. State, 204
S.W.3d 404, 414-15, 417 (Tex. Crim. App. 2006).  A clearly wrong and unjust
verdict occurs where the jury's finding is manifestly unjust, shocks the
conscience, or clearly demonstrates bias. Berry, 233 S.W.3d at
854.

Although
we are authorized to disagree with the jury's determination, even if probative
evidence exists that supports the verdict, our evaluation should not
substantially intrude upon the jury's role as the sole judge of the weight and
credibility of witness testimony.  Santellan v. State, 939 S.W.2d
155, 164 (Tex. Crim. App. 1997).  Unless we conclude that it is necessary to
correct manifest injustice, we must give due deference to the jury's
determinations.  Johnson v. State, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000).  It is not enough that we might harbor a subjective level of
reasonable doubt to overturn a conviction that is founded on legally sufficient
evidence. See Watson, 204 S.W.3d at 417. 

We
measure the sufficiency of the evidence by the elements of the offenses as
defined by a hypothetically correct jury charge.  See Gharbi v. State,
131 S.W.3d 481, 483 (Tex. Crim. App. 2003); Malik v. State, 953
S.W.2d 234, 240 (Tex. Crim. App. 1997).  This means a charge that accurately
states the law, is authorized by the indictment, adequately describes the
offense tried, and does not increase the state’s burden of proof unnecessarily
or restrict its theories of liability.  Malik, 953 S.W.2d at 240.
 Review of the sufficiency of the evidence under a hypothetically correct jury
charge includes consideration of the law of parties.  Garza Vega v. State,
267 S.W.3d 912, 915-16 (Tex. Crim. App. 2008).

Applicable
Law

A
person commits aggravated assault with a deadly weapon if he 1) intentionally,
knowingly, or recklessly, 2) causes bodily injury, 3) to a person, 3) while
exhibiting a deadly weapon.  Tex. Penal
Code Ann. §§ 22.01(a)(1), 22.02(a)(2) (Vernon 2003).  “Bodily injury”
means physical pain, illness, or impairment of physical condition.  Tex. Penal Code Ann. § 1.07 (a)(8)
(Vernon 2003).  The definition of “deadly weapon” includes anything that, in
the manner of its use or intended use, is capable of causing death or serious
bodily injury.  Tex. Penal Code Ann. § 1.07(a)(17)
(Vernon 2003). 

A
person commits deadly conduct if he 1) recklessly engages in conduct, 2) that
places another in imminent danger, 3) of serious bodily injury.  Id . § 22.05(a).  “Serious bodily injury” means bodily injury that creates a
substantial risk of death or that causes death, serious permanent
disfigurement, or protracted loss or impairment of the function of any bodily
member or organ.  Id. § 1.07(a)(46).  The offense of deadly
conduct is a lesser included offense of aggravated assault under the indictment
in this case.  See Bell v. State, 693 S.W.2d 434, 438-39
(Tex. Crim. App. 1985).

A
person is criminally responsible as a party to an offense if the offense is
committed by his own conduct, by the conduct of another for which he is
criminally responsible, or both.  Tex.
Penal Code Ann. § 7.01(a) (Vernon 2003).  A person may be criminally
responsible for the conduct of another in several ways.  See id. §
7.02 (Vernon 2003).  As pertinent here, a person is criminally responsible for
an offense committed by another if, acting with intent to promote or assist the
commission of the offense, the person solicits, encourages, directs, aids, or
attempts to aid the other person to commit the offense.  Id. §
7.02(a)(2).  When a party is not the primary actor, the state must prove
conduct constituting an offense plus an act by the defendant done with the
intent to promote or assist such conduct.  Beier v. State, 687
S.W.2d 2, 3 (Tex. Crim. App. 1985); Miller v. State, 83 S.W.3d
308, 313 (Tex. App.–Austin 2002, pet. ref'd). Although a factor to be
considered, mere presence alone is not sufficient to support a conviction under
the law of parties.  Valdez v. State, 623 S.W.2d
317, 321 (Tex. Crim. App. 1979). 

“Evidence
that a person is a party to an offense may be entirely circumstantial, but the
evidence must show that the parties were acting together to accomplish their
common purpose.” Hayes v. State, 265 S.W.3d 673, 681 (Tex. App.–Houston
[1st Dist.] 2008, pet. ref’d).  “Any agreement to accomplish a common purpose
must have been made before or contemporaneously with the criminal event, but in
determining participation in an offense, the court may examine events that
occurred before, during, and after the offense was committed.”  Id. at 681-82.  

Discussion

It
is undisputed that Brooks and Golightly committed the charged offenses against
Williamson and Metheny.  It is likewise undisputed that Appellant threw nothing
from his truck.  The issue is whether Appellant is criminally liable under the
law of parties.  More specifically, the issue is whether the evidence is
legally and factually sufficient to support the implied finding that Appellant
had the intent to promote or assist the commission of the offenses and
encouraged, directed, aided, or attempted to aid Brooks and Golightly in their
commission of the offenses.

Appellant
argues that he was merely present during the offenses and unwittingly provided
a means of escape, which he maintains is insufficient to support his
convictions.  He testified that he did not have knowledge that any trucks were
hit until Golightly and Brooks told him, which was shortly before they returned
Golightly to his home.  Thus, he argues, since he did not agree to participate
in the crimes, did not know of the crimes until after they were complete, and
was merely present at the scene, the evidence is insufficient to support the
jury’s verdict.  We disagree.

            The
jury could have disbelieved his testimony that he had no knowledge of the
offenses until after their completion.  See Santellan, 939 S.W.2d
at 164.  Appellant, Golightly, and Brooks were driving around in
the early morning hours because they were bored.  All three were seated in
close proximity in the truck such that Appellant would have known Golightly and
Brooks were throwing water bottles.  In fact, Appellant admitted that he knew
Brooks and Golightly were throwing water bottles at street signs, but did not
ask them to exit the vehicle or stop throwing the bottles.  As Appellant
continued to drive, Golightly and Brooks again threw water bottles, one of
which hit the windshield of Metheny’s eighteen wheeler.[1] 
Brooks threw his bottle from the right passenger window, while Golightly threw
his from the rear sliding glass window of the truck. Shortly thereafter, they
threw more water bottles, one of which struck the windshield of Williamson’s
eighteen wheeler.  Golightly testified that he heard at least one of the
eighteen wheelers slam on its brakes after the impact.[2]
 

            Once
the eighteen wheelers had been hit, Appellant did not stop, but instead
continued driving and took Golightly home.  It was at that time, according to
Appellant, that he first learned that the eighteen wheelers had been hit, but
he admitted that he did not attempt to return to the scene because he “didn’t
figure they hit a windshield[; he] thought [Golightly and Brooks] hit the side
of the truck.”  

Based
upon the foregoing evidence, the jury reasonably could have found that
Appellant saw each of the oncoming eighteen wheelers as they approached and
that he knew, at the time, that Golightly and Brooks had thrown water bottles
at each truck.  Because Appellant made no attempt to stop Golightly and Brooks
from throwing the water bottles, even after the first truck passed, the jury
reasonably could have found that he intended to aid them in the commission of
the offenses.

            Viewing
the evidence in the light most favorable to the verdict, we conclude that the
evidence is legally sufficient to support the verdict.  The jury, as the
factfinder, could have believed that Appellant had knowledge of the offenses
and intended to aid in their commission under these circumstances, despite
Appellant’s testimony to the contrary.  Additionally, having reviewed the
record in its entirety, we have not observed any evidence that causes us to
conclude that the proof of guilt is so obviously weak that the jury’s
determination is clearly wrong or manifestly unjust.  Nor can we conclude that
the great weight and preponderance of the evidence contradicts the jury’s
verdict.  Therefore, the evidence is also factually sufficient to support the
trial court’s judgment.  Appellant’s sole issue is overruled.

 

Disposition

            We affirm the
judgment of the trial court. 

 

 

                                                                                      
 SAM GRIFFITH   

                                                                                                  
Justice

 

 

 

 

Opinion delivered December 2,
2009.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)

 









[1]
Although not entirely clear from the record, it appears that Golightly and
Brooks simultaneously threw water bottles at both trucks, and Golightly was
unsure whose bottle hit each truck. Brooks did not testify at trial.

 





[2]
The record is unclear as to how much time elapsed between the two incidents,
but it is clear that they were close in time because each driver, after impact,
drove into the same parking lot to await the arrival of the police.