

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00201-CR

DOUGLAS HOOPES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 299th District Court
Travis County, Texas
Trial Court No.: D-1-DC-12-907052, Honorable Karen Sage, Presiding

May 22, 2014

OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant Douglas Hoopes appeals from his conviction of the felony offense of violation of a protective order[1] and the resulting sentence of seven years of imprisonment. He presents two issues. We will reverse the judgment of the trial court and render a judgment of acquittal.

---

[1] TEX. PENAL CODE ANN. § 25.07 (West 2013).

Background

Appellant was charged by indictment with the misdemeanor offense of violation of a protective order, enhanced by two prior convictions for that offense, into a third degree felony.[2]

Evidence at trial showed that after a hearing in September 2011 at which appellant was present, a Travis County district court issued an order for the protection of appellant's ex-wife and their children. The order prohibited appellant from approaching within 200 yards of his ex-wife and their children, and included his former residence where his ex-wife and children resided. Three days after the protective order went into effect, appellant came into his ex-wife's home through the back door. She told him he had to leave because of the protective order. He refused. She called his parents for assistance but when appellant still refused to leave, she contacted police. When police arrived, appellant was sitting on the couch in the home. He was arrested for trespassing.

Following presentation of the evidence, a jury found appellant guilty as charged in the indictment. Punishment was assessed as noted and this appeal followed.

Analysis

We find appellant's second issue dispositive of the appeal and will address only that issue. Appellant argues the evidence was insufficient to support his conviction

---

[2] TEX. PENAL CODE ANN. § 25.07(g) (West 2013).

because the State "wholly failed to establish under what statute the restraining order Appellant violated was issued."[3]

At the time appellant violated the statute, Penal Code section 25.07(a) began, "A person commits an offense if, in violation of a condition of bond set in a family violence case and related to the safety of the victim or the safety of the community, an order issued under Article 17.292, Code of Criminal Procedure, an order issued under Section 6.504, Family Code, Chapter 83, Family Code, if the temporary ex parte order has been served on the person, or Chapter 85, Family Code, or an order issued by another jurisdiction as provided by Chapter 88, Family Code, the person knowingly or intentionally...." TEX. PENAL CODE ANN. § 25.07(a) (West 2010).[4] The statute then set forth various types of conduct that will complete the commission of the offense. TEX. PENAL CODE ANN. § 25.07(a)(1)-(5) (West 2013).

We apply the well-established standard of review for evidentiary sufficiency challenges. *Jackson v. Virginia*, 443 U.S. 307, 318-19, 324, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 902 (Tex. Crim. App. 2010); *Clayton v. State,* 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We measure the sufficiency of the evidence against the elements of the offense as defined by the hypothetically correct jury charge for the case. *Gharbi v. State*, 131 S.W.3d 481, 482-83 (Tex. Crim. App. 2003); *Gollihar v. State*, 46 S.W.3d 243, 254 (Tex. Crim. App. 2001); *Malik v. State,* 953

---

[3] Appellant does not challenge the evidence supporting any of the remaining elements under section 25.07. Appellant admitted he knew of the protective order and that it prohibited him from going within 200 yards of the residence, his ex-wife, and his children. Appellant further conceded he was in his ex-wife's home the day he was arrested.

[4] Section 25.07 has since been amended. Those amendments do not affect our analysis here.

S.W.2d 234, 236-40 (Tex. Crim. App. 1997). A hypothetically correct jury charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Malik,* 953 S.W.2d at 237. *See also* TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2012); *Gray v. State,* 152 S.W.3d 125, 127-28 (Tex. Crim. App. 2004) (trial court's charge to the jury must set forth the "law applicable to the case").

Appellant and the State agree we must measure the sufficiency of the evidence against the hypothetically correct jury charge for the case. They disagree, however, over whether the hypothetically correct jury charge would require proof of the specific enumerated statute under which the protective order was issued. The State relies on *Gharbi,* 131 S.W.3d at 482-83, to support its view that it was not required to allege or prove the specific statutory authority for the protective order to prove appellant committed an offense under section 25.07. The Court of Criminal Appeals' opinion in *Gharbi*, addressing an evidentiary sufficiency challenge, does contain the statement "[f]or evidentiary sufficiency purposes under both federal and state law, the prosecution alleged and proved everything that the law required when it alleged and proved that the appellant came within 500 feet of the residence in violation of a protective order."[5] *Id.* at 482. We think the opinion in *Gharbi* is clear that the court was focusing on the specific contention before it, a contention that the State's failure to prove that a person was a "protected individual" under the protective order caused a material variance between the

---

[5] The opinion also summarizes the elements of the offense, "in relevant part," as "a person who knowingly or intentionally goes near the residence of a protected individual in violation of an order issued under the Family Code." 131 S.W.3d at 481.

4

allegations of the information and the proof at trial. *Id.* at 482-83. We do not read the quoted statement from the opinion as a general statement regarding the elements of proof under section 25.07(a).

Appellant cites *Harvey v. State,* 78 S.W.3d 368, 370-71 (Tex. Crim. App. 2002), to support his position that the State's proof was insufficient. There, the court said, "[s]ection 25.07(a) makes it an element of the offense that the culpable act be performed in violation of an order issued under [the enumerated statutes]." *Harvey,* 78 S.W.3d at 371. The State says *Harvey* also was focused on another issue, that of the necessity of proof of a culpable mental state, and cannot be read as definitive on the issue before us.

We consider that subsequent case law puts the question to rest. In *Villarreal v. State,* 286 S.W.3d 321 (Tex. Crim. App. 2009), addressing an evidentiary sufficiency challenge, the court straight-forwardly stated that the hypothetically correct jury charge for that prosecution under section 25.07 would include the fact the defendant acted "in violation of an order issued . . . under Article 17.292, Code of Criminal Procedure . . . ." *See Morgan v. State,* Nos. 10-10-00367-CR, 10-10-00371-CR, 2011 Tex. App. LEXIS 8133, at *7 (Tex. App.—Waco Oct. 12, 2011, no pet.) (mem. op., not designated for publication); *Avilez v. State*, 333 S.W.3d 661, 670 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd); *Gaw v. State,* No. 05-08-00463-CR, 2009 Tex. App. LEXIS 9652, at *14-15 (Tex. App.—Dallas Dec. 17, 2009, no pet.) (mem. op., not designated for publication) (all similarly treating as element of the offense proof of the specific statutory provision under which the protective order was issued).

The State's indictment of appellant did not allege the statutory authority under which the protective order was issued,[6] and the evidentiary record is silent on the question. There was evidence the protective order was in effect at the time of appellant's violative conduct, and a copy of the protective order was in evidence. The order contains several references to the Family Code, but we cannot conclude from our review of the order that the jury could have inferred the specific Family Code provision under which it was issued from among those listed in section 25.07(a).

The proof here is thus distinguishable from that in *Gaw,* 2009 Tex. App. LEXIS 9652 at *15-17. There, while there was no direct testimony that the protective order was issued under the authority of chapter 85 of the Family Code, the protective order itself, which was admitted into evidence, stated that family violence had occurred and was likely to occur in the future, as required by Family Code section 85.001(a). The trial court also took judicial notice of chapter 85 of the Family Code and attached a photo copy of it to the jury charge. Nothing similar occurred here.

The State was required to show the protective order was issued under the authority of one of the statutes listed in Penal Code section 25.07(a). *Villarreal,* 286 S.W.3d at 327; *Harvey,* 78 S.W.3d at 370-71. Having considered all of the evidence in

---

[6] It alleged appellant:

did then and there intentionally or knowingly violate the terms of an order issued by the 126th Judicial District Court of Travis County, Texas, Protective Order Number [XXX] dated on the 16th day of September, 2011, and to expire on the 15th day of September, 2013, by intentionally or knowingly going within 200 yards of [appellant's ex-wife and children] to wit: by entering the residence of said persons and refusing to leave, and by intentionally or knowingly going within 200 yards of [residence]; Austin, Travis County, Texas, to wit: by entering the said location and refusing to leave ….

the light most favorable to the judgment, we conclude a rational trier of fact could not have found, beyond reasonable doubt, that element of the alleged violation of section 25.07. J*ackson*, 443 U.S. at 319; *Brooks,* 323 S.W.3d at 902. The evidence is insufficient to support appellant's conviction for violation of a protective order under section 25.07. We sustain appellant's second issue, reverse the judgment of the trial court, and render a judgment of acquittal.

James T. Campbell
Justice

Publish.