# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00138-CR

**Larry Dewayne Garrett, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 2 OF BELL COUNTY
### NO. 2C13-07176, HONORABLE JOHN MICHAEL MISCHTIAN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Larry Dewayne Garrett appeals from a conviction for violation of a protective order. *See* Tex. Penal Code § 25.07. In his sole point of error, Garrett contends that the evidence presented at trial was legally insufficient to support his conviction. Garrett maintains that by failing to introduce evidence specifying under which statute, of those enumerated in section 25.07 of the Texas Penal Code, the protective order was issued, the State did not prove all elements of the offense beyond a reasonable doubt. We will affirm.

## BACKGROUND

Garrett was arrested and charged by information with the Class A misdemeanor offense of violation of a protective order. At trial, Marina Garrett, Larry's ex-wife, testified that on June 26, 2013, following a hearing, a Bell County district court issued a protective order against Garrett for her protection.

In the protective order, the trial court found that family violence had occurred and was likely to occur in the future. Among its terms, the protective order provided that Garrett was prohibited from going within 1,000 feet of Marina Garrett's residence. Marina Garrett testified that both she and Garrett had been present at the hearing and that the judge had explained the terms of the order to them. Further, Marina Garrett testified that on September 13, she was awakened in her residence by her dog barking. Hearing knocking at the front door, she looked through the peephole and saw Garrett standing on the porch.

Garrett was convicted and sentenced to 180 days' incarceration in county jail and a fine of $500. This appeal followed. In one point of error, Garrett challenges the sufficiency of the evidence in support of his conviction for violation of the protective order.

**STANDARD OF REVIEW**

When assessing the legal sufficiency of the evidence to support a conviction, an appellate court must view the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, any rational trier of fact could have found the defendant guilty of all of the elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013); *Finley v. State*, 449 S.W.3d 145, 147 (Tex. App.—Austin 2014, pet. granted). An inference is "a conclusion reached by considering other facts and deducing a logical consequence from them." *Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007).

## DISCUSSION

In his only point of error, Garrett contends that the evidence was insufficient to support his conviction because the State failed to present any evidence demonstrating under which statute the protective order was issued. Section 25.07 reads in relevant part:

> A person commits an offense if, in violation of . . . an order issued under Chapter 7A, Code of Criminal Procedure, an order issued under Article 17.292, Code of Criminal Procedure, an order issued under Section 6.504, Family Code, Chapter 83, Family Code, if the temporary ex parte order has been served on the person, or Chapter 85, Family Code, or an order issued by another jurisdiction as provided by Chapter 88, Family Code, the person knowingly or intentionally . . . .

Tex. Penal Code § 25.07. To obtain a conviction under section 25.07, the State must prove, as an element of the offense, that the violated order was issued under one of the statutes listed in section 25.07. *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009); *Gardner v. State*, No. 05-05-00750-CR, 2006 WL 1413098, at *2 (Tex. App.—Dallas May 24, 2006, no pet.) (mem. op.). Where the evidentiary record does not contain direct evidence of the authority under which the violated protective order was issued, the protective order itself, when introduced into evidence, will support the conviction if a rational jury can "read the order as a whole [and] consider it in the context of" a statute's provisions to find beyond a reasonable doubt that it was issued under the authority of that statute. *Villarreal*, 286 S.W.3d at 328; *see also Hoopes v. State*, 438 S.W.3d 93, 95-96 (Tex. App.—Amarillo 2014, pet. ref'd); *Gaw v. State*, No. 05-08-00463-CR, 2009 WL 5193931, at *5-6 (Tex. App.—Dallas Dec. 17, 2009, no pet.) (not designated for publication).

Here, the protective order admitted into evidence at Garrett's trial tracks the language and requirements of chapter 85 of the Texas Family Code. The protective order specifically states that family violence had occurred and was likely to occur in the future as required by section 85.001(a) of the Texas Family Code. *See* Tex. Fam. Code § 85.001(a). In its order, the trial court mandated that Garrett enroll in a battering intervention and prevention program, under the discretion granted it by section 85.022(a)(1). *See id*. § 85.022(a)(1). The trial court did so after finding that "the protective order was necessary for the prevention of family violence," a provision found in section 85.022(a). Moreover, the order prohibited Garrett, non-exhaustively, from "committing family violence"; "communicating directly with any Protected Person in a threatening or harassing manner"; "communicating a threat through any person to any Protected Person"; "on the basis of good cause shown, from communicating in any manner with any Protected Person"; and from "going to or near [within 1,000 feet of Marina Garrett's residence]," all requirements under section 85.022 of a protective order applying to a person who committed family violence. *See id.* § 85.022. The protective order against Garrett was to run for two years, the statutory duration established by section 85.025. *See id*. § 85.026. Most significantly, the protective order contained the verbatim warning language prescribed in section 85.026. *See id.* § 85.026 (providing, inter alia, that person, other than peace officer, subject to protective order may not possess firearm; no person may give permission to anyone to violate or ignore provision of protective order; and commission of act prohibited by order may be punishable by fine of up to $4,000, confinement in jail for up to year, or both).

A jury could have reasonably inferred from the extensive shared language and similarities between the protective order violated by Garrett and the statutory language of chapter

4

85 that chapter 85 served as the authority under which the protective order was issued. *See Gaw*, 2009 WL 5193931, at *5-6 (concluding that protective order's inclusion of language similar to that of chapter 85 was sufficient to establish that the protective order was issued under chapter 85). We therefore overrule Garrett's only point of error.

## CONCLUSION

Having overruled Garrett's sole point of error, we affirm the trial court's judgment.

_____
Scott K. Field, Justice

Before Chief Justice Rose, Justices Pemberton and Field

Affirmed

Filed:  November 10, 2015

Do Not Publish