

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-17-00176-CR

BRIAN TRENT ROSENBAUM, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 251st District Court
Randall County, Texas
Trial Court No. 27,033-C, Honorable Richard Dambold, Presiding

January 12, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Brian Trent Rosenbaum (appellant) appeals his conviction under § 25.07 of the Texas Penal Code for violating a protective order and the accompanying twenty-five-year prison term. One issue lies before us for disposition. It involves the sufficiency of the evidence establishing that he previously violated two protective orders issued under Chapter 85 of the Texas Family Code. The State alleged in its indictment that he had

done so and used the allegations to enhance the classification of the offense from a Class A misdemeanor to a felony of the third degree.[1]  We reform, reverse and remand.

As initially mentioned, the State indicted appellant for violating § 25.07 of the Texas Penal Code.  It provides as follows:

> A person commits an offense if, in violation of a condition of . . . an order issued under Section 6.504, Family Code, Chapter 83, Family Code, if the temporary ex parte order has been served on the person, Chapter 85, Family Code, or Subchapter F, Chapter 261, Family Code, or an order issued by another jurisdiction as provided by Chapter 88, Family Code, the person knowingly or intentionally:
>
> * * * * *
>
>  (2)  communicates:
>
> * * * * *
>
>     (C)  in any manner with the protected individual . . . .

TEX. PENAL CODE ANN. § 25.07(a)(2) (West Supp. 2017).  A violation of that statute is normally a class A misdemeanor.  *Id.* § 25.07(g).  Yet, it may rise to the level of a felony of the third degree "if it is shown on the trial of the offense that the defendant . . . has previously been convicted two or more times of an offense under this section or two or more times of an offense under Section 25.072, or has previously been convicted of an offense under this section and an offense under Section 25.072."  *Id.* § 25.07(g)(1); *see Hoopes v. State*, 438 S.W.3d 93, 94–96 (Tex. App.—Amarillo 2014, pet. ref'd) (wherein we held that the State must prove, when prosecuting an offense under § 25.07 of the Penal Code, that the accused violated a protective order was issued under the authority

---

[1] Though the term of imprisonment for committing a felony of the third degree cannot exceed two years, TEX. PENAL CODE ANN. § 12.34(a) (West 2011), appellant's prison term was enhanced to 25 years via other means.

of a statute encompassed within § 25.07(a)).  The State attempted the latter here by alleging in the indictment that appellant

> had previously been convicted two times of an offense under Section 25.07 of the Texas Penal Code, in that in the County Court at Law in and for Randall County, Texas, in cause number 60,295-L, the defendant was convicted of the offense of Violation of a Court Order, and in the County Court at Law in and for Randall County, Texas, in cause number 60,296-L, the defendant was convicted of the offense of Violation of a Court Order.

In determining whether the State succeeded in so elevating the offense to a felony of the third degree, we apply the standard of review discussed in *Ramsey v. State*, 473 S.W.3d 805 (Tex. Crim. App. 2015).  That is, when examining the legal sufficiency of the evidence to support a particular finding, we assess the cumulative force of all evidence admitted at trial "in the light most favorable to the conviction to determine whether, based on the evidence and reasonable inferences therefrom, a rational trier of fact could have found each element of the offense beyond a reasonable doubt."  *Id.* at 808.  Furthermore, the trier of fact not only is "the exclusive judge of the credibility and weight of the evidence but also is permitted to draw any reasonable inferences from the evidence so long as they are supported by the record."  *Id.* at 809.  However, inferences based on mere speculation are not enough to support a criminal conviction.  *Id.*  With that said, we turn to whether the State proved appellant had been convicted two or more times of an offense under § 25.07 as alleged in the indictment.

The State introduced the two judgments reflecting appellant's convictions in Cause Nos. 60,295-L and 60,296-L.  Both were signed by the judge for the Randall County Court at Law on January 22, 2002.  Both recited, under the label "Offense Convicted of," the phrase "Violation of a Court Order."  Yet, neither instrument said anything more of the "Court Order" violated.  Nor did either mention any particular statute or other authority from which the orders emanated.  Nor did they name or allude to the statutory criminal

3

offense for which appellant was convicted. So, the judgments alone offer no evidence as to whether they represent convictions for an offense encompassed within § 25.07 of the Penal Code. Yet, they do indicate that appellant was previously convicted of violating a court order. And, the State posits that it filled the void or linked the orders to those encompassed within § 25.07(a) when it asked the trial judge to take judicial notice of certain matters and when it cross-examined appellant. We address the topic of judicial notice first.

The content of matter judicially noticed may indeed serve as evidence supporting a conviction, assuming of course that the evidence was within the scope of matter subject to judicial notice. *See Emerson v. State*, 880 S.W.2d 759, 764 (Tex. Crim. App. 1994) (en banc) (involving scientific evidence and stating that "[o]nce a scientific principle is sufficiently established, a court may take judicial notice of the validity of that principle" and "judicial notice relieves the offering party of the burden of producing evidence on these issues" and quoting PAUL C. GIANNELLI & EDWARD J. IMWINKELREID, SCIENTIFIC EVIDENCE § 1–2 (1993)). Here, the prosecutor requested the following of the trial court:

> I would inquire of the Court at this time if the Court would take judicial notice that **orders of this nature**, **as in this case**, in county courts at law under Texas would be issued under Chapter 85 of the Texas Family Code. We believe the Court is able to take judicial notice of a readily determinable information that would be available in the Family Code that would confirm that.
>
> . . . [and]
>
> Would the Court take judicial notice that violations of such order, if a person were convicted, it would be under Section 25.07 of the Texas Penal Code?

(Emphasis added). And, the trial court acquiesced, without appellant uttering any type of objection. So, it took judicial notice that "orders of this nature, as in this case" would be issued under Chapter 85 of the Family Code and that violations "of such order[s]" issued

4

under Chapter 85 of the Family Code fell within § 25.07 of the Penal Code. But, what of those orders "as in this case," what were they? The record leaves us guessing at that.

The trial court was not asked to take judicial notice of the existence of any particular "order." Rather, it was asked to notice that certain types of orders ("as in this case") are issued under the authority of Chapter 85 and the violation of same were encompassed within § 25.07 of the Penal Code. It is one thing to ask that the existence of an order be judicially noticed, it is another to judicially note the authority under which orders (whatever they may be) are issued. Only the latter was encompassed within the request here.

Furthermore, at the time the request was made no "orders" had been admitted into evidence. And, while one would later be tendered and accepted into the record, it was the protective order underlying appellant's trial, that is, the one signed by the judge of Randall County Court of Law #2 on July 16, 2016, and which the State was attempting to prove he violated. Again, no others were or would be tendered or admitted into evidence, including any order violated by appellant and giving rise to his convictions in Cause Nos. 60,295-L and 60,296-L. So, the prosecutor's request that the court judicially notice the authority under which orders "as in this case" were issued, at best, can reasonably be interpreted as referring to only the sole order "in this case," that is the July 2016 order. It cannot reasonably be construed as some evidence of both (1) the existence of the orders underlying the convictions in Cause Nos. 60,295-L and 60,296-L and (2) the fact that they were issued under the authority of Chapter 85 of the Family Code; we reject the State's argument to the contrary.

As for the State's attempt to fill the void via appellant's testimony obtained during cross-examination, the record illustrates that Rosenbaum admitted to being the subject of earlier protective orders and violating them. And, while he was asked whether those

5

protective orders contained the "same provisions, the same prohibitions as were included in" the July 2016 order, his response was "I don't know. I mean, I don't recall—I mean, I guess. I don't know." Such vacillation regarding whether the terms and prohibitions of the earlier orders were the same as those of the July 2016 order may be evidence that other protective orders had been issued at some time or another, but it is no evidence of the authority under which they were issued. Nor is it evidence illustrating that the former were issued under any authority encompassed within the scope of § 25.07 of the Penal Code.

Of further note is the classification of the crime for which appellant was found guilty in Cause Nos. 60,295-L and 60,296-L. Both judgments reflect that the offense was "Class B." Because only misdemeanors are referred to by the first three letters of the alphabet, it is reasonable to deduce that the phrase "Class B" meant a Class B misdemeanor. Furthermore, those judgments were signed in 2002. In 2002, a violation of a protective order issued under the authority of Chapter 85 of the Family Code was a Class A misdemeanor, not a Class B misdemeanor. *See* Act of May 27, 1989, 71st Leg., R.S., ch. 614, § 26, 1989 Tex. Gen. Laws. 2023 (current version at TEX. PENAL CODE ANN. § 25.07(g)) (in 1989, reclassifying offense under then § 25.08 as a Class A misdemeanor from a Class B misdemeanor.).[2] So, the judgments themselves tend to belie the notion that the generic orders mentioned therein were issued under the authority of Chapter 85 of the Family Code and, therefore, encompassed within § 25.07 of the Penal Code and, to some extent, raise doubt that they were.

---

[2] Former section 25.08 titled "Violation of a Court Order" was originally added as an offense in 1983. *See* Act of May 26, 1983, 68th Leg., R.S., ch. 631, § 3, 1983 Tex. Gen. Laws 4049 (current version at TEX. PENAL CODE ANN. 25.07); *see also* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 101, 1993 Tex. Gen. Laws 3627 (effective September 1, 1994, renumbering relevant section from § 25.08 to § 25.07, its current location in the Texas Penal Code).

And though not determinative, we nonetheless encountered other statutes providing for the issuance of protective orders outside the scope of Chapter 85 of the Family Code and § 25.07 of the Penal Code. For instance, such orders may be issued under the authority of article 6.08 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 6.08(a) (West 2015) (providing that "[a]t any proceeding in which the defendant appears in constitutional county court, statutory county court, or district court that is related to an offense under Title 5, Penal Code, or Section 28.02, 28.03, or 28.08, Penal Code, in which it is alleged that the defendant committed the offense because of bias or prejudice as described by Article 42.014, a person may request the court to render a protective order under Title 4, Family Code, for the protection of the person").[3] Violations of protective orders issued under the article 6.08 would be subject to prosecution under § 25.071 of the Penal Code, not § 25.07. *See* TEX. PENAL CODE ANN. § 25.071(a) (stating that a "person commits an offense if, in violation of an order issued under Article 6.08, Code of Criminal Procedure, the person knowingly or intentionally" commits the proscribed conduct enumerated in that section). So, conceptually, it is possible that reference to a "Violation of a Court Order" appearing in the judgments in Cause Nos. 60,295-L and 60,296-L could mean a protective order other than one issued under Chapter 85 of the Family Code. Avoiding the uncertainty may be why legal authority indicates that, while a court may judicially notice the contents of a court's files, the item noticed generally must be included in the appellate record. *Brewer v. State*, No. 12-01-00369-CR, 2004 Tex. App. LEXIS 6963, at *3–4 (Tex. App.—Tyler

---

[3] Title 4 of the Family Code is titled "Protective Orders and Family Violence." *See* TEX. FAM. CODE ANN. §§ 71.001–93.004 (West 2006 & Supp. 2017). Title 5 of the Penal Code is titled "Offenses Against the Person". *See* TEX. PENAL CODE ANN. §§ 19.01–22.12 (West 2011 & Supp. 2017). Sections 28.02 *et. seq.* of the Penal Code appear under the Title 7 of that Code and the title "Offenses Against Property." *See id.* § 28.02 (West 2011), §§ 28.03, 28.08 (West Supp. 2017).

July 30, 2004, no pet.) (mem. op., not designated for publication) (stating that including the content in the record enables the reviewing court to "determine (1) whether the source information actually establishes the judicially-noticed fact and (2) whether the trial court erred in taking judicial notice based upon the quality of the source information"). Had the purported orders underlying those judgments been offered and included in the record then the confusion experienced here would have been easily avoided; this, of course, assumes that the State's request regarding judicial notice encompassed the underlying orders themselves.

After perusing the entire record, we find no evidence upon which a rational trier of fact could have found, beyond reasonable doubt, that appellant had previously been convicted two or more times of violating a protective order issued under Chapter 85 of the Family Code or any other statute specified in § 25.07(a) of the Penal Code as alleged in the indictment. Thus, the State failed to establish the prerequisite to elevating appellant's commission of a Class A misdemeanor to a felony of the third degree.

We sustain appellant's issue, reform the judgment to reflect that his violation of the July 2016 order was a Class A misdemeanor instead of a felony of the third degree, reverse that portion of the judgment by which appellant was sentenced to twenty-five years imprisonment and remand the cause for a new punishment hearing.

Brian Quinn
Chief Justice

Do not publish.

8